JEFFREY D. WOHL (Cal. State Bar No. 096838)
RYAN D. DERRY (Cal. State Bar No. 244337)
ANNA M. SKAGGS (Cal. State Bar No. 319179)
JEFFREY G. BRIGGS (Cal. State Bar No. 323790)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone:    (415) 856-7000
Facsimile:    (415) 856-7100
jeffwohl@paulhastings.com
ryanderry@paulhastings.com
annaskaggs@paulhastings.com
jeffreybriggs@paulhastings.com

Attorneys for Defendant
Target Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISHA BOWEN, an individual on behalf of herself and all others similarly situated; ANKE McCREA, an individual on behalf of herself and all others similarly situated; CHENEICE ROBERSON, an individual on behalf of herself and all others similarly situated; STACEY WILLIAMS, an individual on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TARGET CORPORATION; a Minnesota corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | No. 2:16-CV-02587-JGB-MRW <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS ON-PREMISES REST-PERIOD THEORY OF PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> Date:        January 27, 2020 <br> Time:        9:00 a.m. <br> Courtroom:   1 (3470 Twelfth St., Riverside) <br> Judge:       Hon. Jesus G. Bernal |

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

# TABLE OF CONTENTS

*Page*

Table of Authorities ........................................................................................................ iii

I.  INTRODUCTION/SUMMARY OF ARGUMENT ................................................. 1

II. FACTUAL AND PROCEDURAL BACKGROUND ............................................. 3

    A. Bowen Did Not Assert an On-Premises Theory in Her PAGA Notice ......... 3

    B. Bowen Also Did Not Assert an On-Premises Theory in Her Original
    Complaint ............................................................................................................. 3

    C. Bowen Also Did Not Assert an On-Premises Theory in Her First
    Amended Complaint ........................................................................................... 4

    D. In Her Deposition, Bowen Never Testified That She Was Required to
    Stay on the Premises During Her Rest Periods ............................................. 4

    E. It Was Only on December 3, 2019, with the Filing of the Second
    Amended Complaint, That Bowen First Asserted an On-Premises
    Theory ................................................................................................................. 4

III. PLAINTIFFS' ON-PREMISES REST-PERIOD THEORY FAILS AS A
MATTER OF LAW .................................................................................................. 5

    A. Even Before *Augustus*, Both the DLSE and Courts Agreed That an
    Employer Could Require Employees to Remain on the Premises
    During Paid Rest Periods ................................................................................. 6

    B. In *Augustus*, the California Supreme Court Did Not Prohibit On-
    Premises Requirements, But Rather Reaffirmed That They Do Not
    Violate California Law ...................................................................................... 8

    C. Following *Augustus*, Courts Continue to Agree That an On-Premise
    Requirement Does Not Violate California Law .............................................. 9

    D. Prohibiting an On-Premises Requirement Defies Common Sense and
    Places Employers in an Untenable Position ................................................ 11

    E. The DLSE's Revised Guidance Is Not Controlling ..................................... 13

IV. IN THE ALTERNATIVE, THE COURT SHOULD LIMIT PLAINTIFFS'
ON-PREMISES THEORY TO POST-*AUGUSTUS*, DISMISS THE CLAIM
AS TO BOWEN, AND LIMIT THE POTENTIAL LIABILITY PERIOD
BASED ON THE FILING OF THE SAC, NOT THE ORIGINAL
COMPLAINT ........................................................................................................ 13

    A. Even If *Augustus* Could Be Read to Prohibit an On-Premises
    Requirement, Fairness and Due Process Considerations Would
    Preclude Retroactive Application of the New Rule .................................... 13

-i-

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

**TABLE OF CONTENTS**
*(cont'd)*

Page

B. At Least One Court Already Has Ruled That *Augustus* Cannot Apply Retroactively ................................................................................ 14

C. Bowen Is Time-Barred from Asserting the On-Premises Theory .............. 16

    1. Bowen Is Not Saved by the Relation-Back Doctrine ........................ 17

    2. Bowen Failed to Exhaust Her Administrative Remedy Under PAGA with Respect to the On-Premises Theory, and It Is Too Late for Her to Do So Now ................................................................ 18

D. Because Bowen Is Time-Barred, the Other Plaintiffs May Pursue a Potential Liability Period Based Only on the Filing of the SAC, Not the Original Complaint .................................................................. 21

V. CONCLUSION .................................................................................... 21

# TABLE OF AUTHORITIES

*Page*

**Cases**

*Achal v. Gate Gourmet, Inc.*,
   114 F. Supp. 3d 781 (N.D. Cal. 2015) ............................................................ 5

*Alcantar v. Hobart Serv.*,
   800 F.3d 1047 (9th Cir. 2015) ............................................................... 19, 20

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
   No. CV 14-3053-MWF(VBKX), 2015 WL 12777091
   (C.D. Cal. Feb. 12, 2015)........................................................................... 16

*Alvarez v. Autozone, Inc.*,
   No. EDCV142471VAPSPX, 2018 WL 6137132
   (C.D. Cal. Sept. 10, 2018)........................................................................ 20

*ASARCO, LLC v. Union Pac. R.R.*,
   765 F.3d 999 (9th Cir. 2014) .................................................................... 17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................... 5

*Augustus v. ABM Security Services, Inc.*,
   2 Cal. 5th 257 (2016) .......................................................................*passim*

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ...................................................................... 5

*Banda v. Richard Bagdasarian, Inc.*,
   No. E035739, 2006 WL 1554441 (Cal. Ct. App. June 8, 2006) ...................... 8, 9, 14

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007)................................................................................... 5

*Bell v. Home Depot U.S.A., Inc.*,
   No. 212CV02499JAMCKD, 2017 WL 1353779
   (E.D. Cal. Apr. 11, 2017)..................................................................... 10, 11

*Blyden v. Navient Corp.*,
   No. EDCV 14-2456-JGB-KKX, 2016 WL 6601658
   (C.D. Cal. Feb. 16, 2016)........................................................................ 16

*Bradescu v. Hillstone Rest. Grp., Inc.*,
   No. SACV 13-1289-GW RZX, 2014 WL 5312546
   (C.D. Cal. Sept. 18, 2014), *tentative order confirmed*, 2014 WL 5312574
   (Oct. 10, 2014) ................................................................................ 19, 20

*Claxton v. Waters*,
   34 Cal. 4th 367 (2004) ............................................................................ 14

*Cleveland v. Groceryworks.com, LLC*,
   200 F. Supp. 3d 924 (N.D. Cal. 2016) ..................................................... 7, 14

LEGAL_US_W # 101351563.1

**TABLE OF AUTHORITIES**
*(cont'd)*

*Page*

*Echlin v. PeaceHealth*,
  887 F.3d 967 (9th Cir. 2018) ....................................................... 17

*Freeman v. Zillow, Inc.*,
  No. SACV1401843JLSRNBX, 2015 WL 5179511
  (C.D. Cal. Mar. 19, 2015) ......................................................... 7, 14

*Gordon v. Aerotek, Inc.*,
  No. EDCV170225DOCDTBX, 2017 WL 8217410
  (C.D. Cal. Oct. 12, 2017) ............................................................. 21

*Griffin v. Sachs Elec. Co.*,
  2019 WL 2270417 (N.D. Cal. May 28, 2019) .............................. 11

*Hall v. Kraft Heinz Food Co. (LLC)*,
  No. 119CV00565LJOBAM, 2019 WL 2598764
  (E.D. Cal. June 25, 2019) ........................................................... 17

*Hill v. Opus Corp.*,
  841 F. Supp. 2d 1070 (C.D. Cal. 2011) ......................................... 6

*Holak v. K Mart Corp.*,
  No. 1:12-CV-00304-AWI-MJ, 2015 WL 2384895
  (E.D. Cal. May 19, 2015) ............................................................ 20

*Hubbs v. Big Lots Stores, Inc.*,
  No. LACV1501601JAKASX, 2018 WL 5264141
  (C.D. Cal. Mar. 16, 2018) .......................................................... 7, 10

*Huynh v. Chase Manhattan Bank*,
  465 F.3d 992 (9th Cir. 2006) ...................................................... 16

*Klune v. Ashley Furniture Indus., Inc.*,
  No. CV 14-3986 PA FFMX, 2015 WL 1540906  (C.D. Cal. Apr. 3, 2015) ........... 8, 14

*Kreisher v. Mobil Oil Corp.*,
  198 Cal. App. 3d 389 (1988) ...................................................... 14

*Lopes v. Kohl's Department Stores*,
  Alameda Cnty. Sup. Ct. No. RG08380189 (Feb. 18, 2017) ........................ 10

*Lucas v. Michael Kors (USA), Inc.*,
  No. CV181608MWFMRWX, 2018 WL 6177222
  (C.D. Cal. May 23, 2018), *reconsideration denied*, 2018 WL 6177225
  (Aug. 20, 2018) ......................................................................... 19

*Maitland v. Audio Visual Servs. Grp., Inc.*,
  No. 2:14-CV-05619-R, 2014 WL 12570929 (C.D. Cal. Dec. 4, 2014) ................. 8, 14

**TABLE OF AUTHORITIES**
*(cont'd)*

Page

*Mazzei v. Regal Entm't Grp.*,
No. SACV 13-1284-DOC, 2013 WL 6633079 (C.D. Cal. Dec. 13, 2013) ................. 20

*McRae v. SP Plus Security Services, Inc.*,
Los Angeles Cnty. Super. Ct. No. BC550147 (Apr. 18, 2018) .................................... 15

*Moss v. Superior Court*,
17 Cal. 4th 396 (1998) ......................................................................................... 14

*Murphy v. Kenneth Cole Prods., Inc.*,
40 Cal. 4th 1094 (2007) ................................................................................ 7, 13, 16

*Naranjo v. Bank of Am. N.A.*,
No. 14-CV-02748-LHK, 2015 WL 913031 (N.D. Cal. Feb. 27, 2015) ...................... 18

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ................................................................................... 5

*Perez v. Banana Rep., LLC*,
No. 14-CV-01132-JCS, 2014 WL 2918421 (N.D. Cal. June 26, 2014) ...................... 6

*Ritenour v. Carrington Mortgage Services, LLC*,
No. SACV1602011-CJC-DFMX, 2018 WL 5858658
(C.D. Cal. Sept. 12, 2018) .......................................................................... 9, 10, 13

*Rodriguez v. Airborne Express*,
265 F.3d 890 (9th Cir. 2001) ................................................................................. 17

*Stoddart v. Express Servs., Inc.*,
No. 2:12-CV-01054-KJM, 2015 WL 5522142 (E.D. Cal. Sept. 16, 2015) ........... 20, 21

*Thomas v. Home Depot USA Inc.*,
527 F. Supp. 2d 1003 (N.D. Cal. 2007) ................................................................. 16

*Toohey v. Workmen's Compensation Appeals Board*,
32 Cal. App. 3d 98 (1973) ............................................................................... 12, 13

*Vanguard Med. Mgmt. Billing, Inc. v. Baker*,
No. EDCV 17-965-GW(DTBX), 2018 WL 6137198
(C.D. Cal. Apr. 26, 2018) ........................................................................................ 5

*Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2019 WL 4394402
(N.D. Cal. Sept. 13, 2019) ..................................................................................... 16

*W. Greyhound Lines v. Indus. Acc. Comm'n*,
225 Cal. App. 2d 517 (1964) ................................................................................. 12

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

-v-

LEGAL_US_W # 101351563.1

# TABLE OF AUTHORITIES
### *(cont'd)*

Page

*Walters v. Cal. Dep't of Corr. & Rehab.*,
No. 217CV2393MCEKJNP, 2018 WL 341792 (E.D. Cal. Jan. 9, 2018),
*report and recommendation adopted*, 2018 WL 1900021
(E.D. Cal. Apr. 20, 2018) ............................................................... 17

*Williams v. Boeing Co.*,
517 F.3d 1120 (9th Cir. 2008) ...................................................... 17

**Statutes, Rules, Regulations, and Administrative Opinion**

I.W.C. Wage Order
4-2001, § 12 ...................................................................................... 7
4, subd. 12(A) .................................................................................... 9

Cal. Code Civ. Proc.
§ 338(a) ............................................................................................ 16
§ 340(a) ............................................................................................ 16

Cal. Lab. Code
§ 226 .................................................................................................. 5
§ 226.7 .................................................................................. 8, 16, 17
§ 2698 *et seq.* ............................................................................ *passim*
§ 2699(i) .......................................................................................... 14
§ 2699.3(a)(1) ........................................................................... 18, 19
§ 2699.3(a)(2)(A) ........................................................................... 18

California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.* ................. 1, 3

Class Action Fairness Act of 2005 ....................................................... 4

DLSE Op. Letter, 2002 WL 33776605 (Jan. 28, 2002) ........................... 7

Fair Labor Standards Act ..................................................................... 6

Fed. R. Civ. P.
R. 12(b)(6) ................................................................... 1, 5, 6, 16
R. 15(c)(1)(B) ................................................................................. 17

**Secondary Authority**

1 CA Law of Employee Injuries & Workers' Comp § 4.139 (2019) .......................... 11, 12

-vi-

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

1    **I.    INTRODUCTION/SUMMARY OF ARGUMENT**

2         In *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th 257 (2016), the California

3    Supreme Court reaffirmed what long has been accepted as the rule in California:

4    requiring employees to remain on the employer's premises during paid rest periods is

5    lawful.  Yet in the operative Second Amended Complaint ("SAC") (ECF 50), filed four

6    years after this litigation commenced, plaintiffs assert a new theory on their rest-period

7    claim—that Target had an unlawful "policy" that required team members to remain on

8    premises during their rest periods.  (*See* ECF 50, ¶ 31.)

9         This new "on-premises" theory fails as a matter of law.  In *Augustus*, the California

10   Supreme Court explained that a requirement that employees remain on premises during a

11   rest period did not exert a sufficient level of employer control violating the concept of

12   rest.  Indeed, as before *Augustus*, following the case, numerous other courts have held

13   that an on-premises policy, alone, does not violate California law.

14        Therefore, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, plaintiffs'

15   Second Claim for Relief for failure to provide rest periods and their derivative Eighth and

16   Ninth Claims for Relief, to the extent they are based on the theory that Target failed to

17   provide compliant rest periods by requiring team members to remain on premises during

18   rest periods, should be dismissed.[1]

19        In the alternative, even if the Court is persuaded that *Augustus* can be read to

20   prohibit an on-premises rest-period requirement, the decision should apply only

21   prospectively.   Again, it has long been the rule in California that an on-premises

22   requirement is lawful, as demonstrated by case law and past guidance from the Division

23   of Labor Standards Enforcement ("DLSE"), the agency charged with enforcing the state's

24   labor laws.  If *Augustus* actually prohibited an on-premises requirement, it upended a rule

25

26   _____

27   [1]    Plaintiffs' Eighth Claim for Relief is brought under California's Unfair
     Competition Law, Cal. Bus. Prof. Code § 17200 *et seq.*, and their Ninth Claim for Relief
     is brought under the California Labor Code Private Attorneys General Act, Cal. Lab.
28   Code § 2698 *et seq.*  (ECF 50.)

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

on which California employers reasonably relied for decades.  Considerations of fairness and due process weigh heavily against retroactive application of the decision.  Thus, the Court should dismiss plaintiffs' on-premises theory at least to the extent it is pleaded to cover a time period before *Augustus* issued.

Furthermore, plaintiff Aisha Bowen ("Bowen") is time-barred from asserting the on-premises rest-period theory because that theory does not relate back to the filing of the original complaint.  Until the filing of the SAC, Bowen's only factual allegations pertaining to her rest-period claims were that rest periods were either interrupted, prevented or otherwise not provided because she was contacted during her breaks on her walkie-talkie and had to respond.  Bowen's employment with Target ended in May 2015.  She cannot now, almost four-and-a-half years later, assert the new on-premises theory of legal liability.  The applicable statute of limitations has long-since expired, and Bowen cannot invoke the relation-back doctrine to assert the new legal theory based on brand-new facts.

Moreover, the relation-back doctrine does not apply to a claim under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq*.  A PAGA claim belongs to the Labor and Workforce Development Agency ("LWDA") in the first instance, and may not be prosecuted by a private plaintiff *unless and until* the LWDA has been given notice of the claim by the plaintiff and decides not to pursue the claim itself, thereby yielding control of the claim to the plaintiff.  Bowen did not give timely notice of her on-premises claim, and she cannot do so now.

Thus, the Court should dismiss plaintiffs' Second, Eighth, and Ninth Claims for Relief, to the extent based on an on-premises theory.  Alternatively, the Court should limit the claim to the post-*Augustus* time period.  In addition, the Court should dismiss the claim as asserted by Bowen as time-barred, and limit the potential liability period based on when the SAC was filed, not the original complaint.[2]

---

[2]     To the extent the on-premises claim survives this motion to dismiss as to new plaintiffs Anke McCrea, Cheneice Roberson and Stacey Williams, Target may move for

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Bowen Did Not Assert an On-Premises Theory in Her PAGA Notice.

On October 29, 2015, Bowen submitted to the LWDA the administrative notice required to pursue a PAGA claim for relief.  (Declaration of Jeffrey D. Wohl in Support of Target's Motion to Dismiss Plaintiffs' Second Amended Complaint ("Wohl Decl."), ¶ 2, Exh. A.)  As to her rest-period claim, Bowen alleged that Target failed to provide rest periods because "rest periods were either less than ten minutes, not provided, interrupted, or late, as prescribed by California law[.]"  (*Id.*)  Bowen alleged that, "specifically," Target policy did not authorize and permit first rest periods on shifts of 3.5 hours or longer, second rest periods on shifts of 6 hours or longer, and third rest periods on shifts of 10 hours or longer.  (*Id.*)  Bowen alleged that Target gave team members "too much work to perform to take rest breaks."  (*Id.*)  Nowhere in her LWDA notice did Bowen say anything to the effect that her rest-period claim was based on the theory that Target required her and others to remain on the premises during their rest periods.

### B.     Bowen Also Did Not Assert an On-Premises Theory in Her Original Complaint.

On December 7, 2015, Bowen filed this putative class action in state court against Target.  (ECF 1, Exh. A.)  The complaint asserted ten wage-and-hour causes of action, including the Second Claim for Relief for failure to provide rest periods, the Eighth Claim for Relief under the California Unfair Competition Law (the "UCL"), Cal. Bus. Prof. Code § 17200 *et seq.*, and the Ninth Claim for Relief for violations of the California Labor Code for which civil penalties were sought under PAGA.  (*Id.*)  Like the allegations in her LWDA notice, Bowen's allegations in her complaint as to rest periods said nothing about an on-premises requirement.  Instead, plaintiff said only that Target failed to provide rest periods, failed to pay rest-period premiums, and failed to pay minimum and overtime wages due as a result of requiring, permitting or suffering Bowen

summary judgment on the claim once their depositions are taken.

-3-

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

and putative class members to work through rest periods. (*Id.*, ¶¶ 19, 20, 24, 29.)

### C. Bowen Also Did Not Assert an On-Premises Theory in Her First Amended Complaint.

On May 20, 2016, following removal of the case to this Court pursuant to the Class Action Fairness Act of 2005, Bowen filed her First Amended Complaint (the "FAC"). (ECF 21.) In the FAC, Bowen asserted the same ten causes of action as her original complaint, including the Second Claim for Relief for failure to provide rest periods, the Eight Claim for Relief under the UCL, and the Ninth Claim for Relief seeking civil penalties under PAGA. (ECF 21.) Substantively, the FAC differed from the original complaint only in that Bowen added a "Statement of Facts" setting forth the basis on which she purports to bring her claims. (*Compare* ECF 21 *with* ECF 1, Exh. A.) With respect to rest periods, Bowen alleged only that Target failed to provide compliant rest periods because it required team members to keep their walkie-talkies on during breaks and then interrupted their breaks by contacting them about work. (ECF 21, ¶ 14.) As in her LWDA notice and her original complaint, nowhere in her FAC did Bowen say that her rest-period claim was based on the theory that Target required her and others to remain on the premises during their rest periods.

### D. In Her Deposition, Bowen Never Testified That She Was Required to Stay on the Premises During Her Rest Periods.

Target took Bowen's deposition on September 9, 2016. (Wohl Decl., ¶ 3.) In the deposition, Bowen testified about leaving the store to take her meal periods. (*Id.*, ¶ 3, Exh. B.) At no time did she testify that she was not allowed to leave the store to take her rest periods. (*Id.*) Even when she was asked whether she was aware of any other facts supporting her claims, Bowen said nothing about on-premises rest periods, even though she did add testimony in support of her other claims. (*Id.*)

### E. It Was Only on December 3, 2019, with the Filing of the Second Amended Complaint, That Bowen First Asserted an On-Premises Theory.

On December 3, 2019, four years after she commenced this action, and more than

three years after she filed the FAC, Bowen and the three new plaintiffs filed the SAC. (ECF 50.)  The SAC includes entirely new allegations in support of the claim for failure to provide rest periods.  Relevant here, plaintiffs allege that throughout the purported class period, Target "maintained and implemented a uniform, written rest break policy that prohibited [putative class members] from leaving Target property during rest breaks, in violation of California law."  (ECF 50, ¶ 31.)  Plaintiffs define the "class period" as "the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment[.]"  (*Id.*, ¶ 8.)

## III.  PLAINTIFFS' ON-PREMISES REST-PERIOD THEORY FAILS AS A MATTER OF LAW

Rule 12(b)(6), Federal Rules of Civil Procedure, tests the legal sufficiency of the claims asserted in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal under Rule 12(b)(6) is appropriate where a plaintiff "lack[s] … a cognizable legal theory" or fails to allege "sufficient facts [to support] … a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A court may grant a motion to dismiss a claim in part under Rule 12(b)(6) if it determines that a particular legal theory supporting a plaintiff's claim is untenable.  *See Vanguard Med. Mgmt. Billing, Inc. v. Baker*, No. EDCV 17-965-GW(DTBX), 2018 WL 6137198, at *20 (C.D. Cal. Apr. 26, 2018) ("The court agrees with Defendants that the Court may dismiss the substantive due process claim, but not the procedural due process claim, despite that they are both stated under the fourth claim for relief.") (citation omitted); *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 814-15 (N.D. Cal. 2015) (dismissing plaintiff's claim under section 226 to extent it was based on alleged failure to

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

list on wage statements start dates of pay periods, while allowing plaintiff to proceed on theory that wage statements did not list employer's name and address); *Perez v. Banana Rep., LLC*, No. 14-CV-01132-JCS, 2014 WL 2918421, at *7 (N.D. Cal. June 26, 2014) (dismissing claims for unpaid minimum and overtime wages only to extent they were based on alleged off-the-clock activities that were not compensable under Fair Labor Standards Act); *Hill v. Opus Corp.*, 841 F. Supp. 2d 1070, 1081-82, 1087 (C.D. Cal. 2011) (holding that partial motion to dismiss under Rule 12(b)(6) was proper vehicle to dismiss plaintiff's claims for compensation to extent they sought to recover benefits owed under  ERISA-covered compensation plans, while allowing claims for compensation under same statutes to proceed, to extent such claims were based on non-ERISA compensation plans).

Plaintiffs' new theory in support of their rest-period claim is not cognizable, as California law does not prohibit an on-premises rest-period requirement.  Accordingly, the Court should dismiss the Second, Eighth and Ninth Claims for Relief, to the extent they rely on plaintiffs' on-premises theory of liability.

### A. Even Before *Augustus*, Both the DLSE and Courts Agreed That an Employer Could Require Employees to Remain on the Premises During Paid Rest Periods.

Until November 2017, the DLSE expressly condoned on-premises requirements. In a "Frequently Asked Questions" document published for the benefit of California employers and employees, the agency advised:

Q.   Can my employer require that I stay on the work premises during my rest period?

A.   Yes, your employer can require that you stay on the premises during your rest break.  Since you are being compensated for the time during your rest period, your employer can require that you remain on its premises.  And under most situations, the employer is required to provide suitable resting facilities that shall be available for employees during working hours in an

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

1   area separate from the toilet rooms.

2   (Request for Judicial Notice in Support of Motion to Dismiss Plaintiffs' Second

3   Amended Complaint ["RJN"], Exh. A.)  *See Hubbs*, 2018 WL 5264141, at *4 (observing

4   that DLSE has recognized rule that "[s]ince employees are paid for their rest periods,

5   they can be required to remain on the employer's premises during such periods.").

6       Consistent with this position, the DLSE has opined that a distinction between meal

7   periods and rest periods present in all of the wage orders is that "an employer must only

8   'authorize and permit' employees to take rest periods.  In this regard rest periods differ

9   from meal periods, during which an employer has an affirmative obligation to ensure that

10  workers are … free to leave the employer's premises."  DLSE Op. Letter, 2002 WL

11  33776605, at *1 (Jan. 28, 2002).

12      Reliance on the DLSE's explicit guidance as to on-premises requirements was

13  plainly reasonable:  "As the state agency empowered to enforce wage orders and state

14  labor statutes, the DLSE is in a position to accumulate both knowledge and experience

15  relevant to the administration of wage orders."  *Augustus*, 2 Cal. 5th at 267-68.[3]

16      Moreover, the DLSE's guidance was not the only authority that existed permitting

17  an on-premises requirement.  Case law consistently concluded that such requirements

18  were lawful.  *See, e.g.*, *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 953

19  (N.D. Cal. 2016) ("Because employees are being paid for their rest breaks, … employers

20  can require their employees to remain on the premises during their rest breaks.") (citing

21  I.W.C.    Wage    Order    4-2001,    § 12;    *Freeman    v.    Zillow,    Inc.*,

22  No. SACV1401843JLSRNBX, 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015)

23  (dismissing claim for failure to provide rest periods based in part on allegation of

24  "consistent policy or practice" requiring employees to stay on employer's premises

25  ─────────────────

26  [3]   As discussed *infra* at 13, in November 2017, the DLSE performed a sudden about-
    face:  Now, its guidance states that employers cannot require employees to spend paid
27  rest periods on the work premises.  Because the new guidance flatly contradicts the
    DLSE's earlier interpretation of California law, it does not command deference.  *See*
28  *Murphy*, 40 Cal. 4th at 1106 n.7 (2007).

during rest periods); *Klune v. Ashley Furniture Indus., Inc.*, No. CV 14-3986 PA FFMX, 2015 WL 1540906, at *7 (C.D. Cal. Apr. 3, 2015) ("The Court recognizes and adopts the sound reasoning of the DLSE's explanation … that '[s]ince employees are paid for their rest periods, they can be required to remain on the employer's premises during such periods.'") (citation omitted); *Maitland v. Audio Visual Servs. Grp., Inc.*, No. 2:14-CV-05619-R, 2014 WL 12570929, at *1 (C.D. Cal. Dec. 4, 2014) (policy requiring employees to remain on company premises during paid rest period was not unlawful on its face); *see also Banda v. Richard Bagdasarian, Inc.*, No. E035739, 2006 WL 1554441, at *7 (Cal. Ct. App. June 8, 2006) (unpublished) (citing DLSE Opinion Letter stating that rest periods differ from meal periods in that employers must ensure workers are free to leave premises during meal periods).

### B. In *Augustus*, the California Supreme Court Did Not Prohibit On-Premises Requirements, But Rather Reaffirmed That They Do Not Violate California Law.

In *Augustus*, the California Supreme Court addressed "whether employees can be forced to *shoulder an affirmative responsibility* to remain on call, vigilant, and at the ready during their rest periods." 2 Cal. 5th at 271 (emphasis supplied). Specifically, the employer policy at issue required employees "to keep their radios and pagers on during rest breaks, to remain vigilant, and to respond when needs arise, including escorting tenants to parking lots and notifying building managers of mechanical problems— responsibilities substantially similar to plaintiffs' ordinary job duties." *Id.* (internal quotation marks omitted). The court held that the "on call" policy was contrary to the employer's obligation to relieve employees from *work-related duties and employer control* during rest periods. The court reasoned that "[t]he reference to a 'rest period' in the wage order evokes, quite plainly, a period of rest." *Id.* at 264. Based on the ordinary meaning of "rest," the court continued, "a reasonable reader would understand 'rest period' to mean an interval of time free from labor, work, or any other employment-related duties." *Id.* at 265. The court concluded "[t]his reading of the wage order is also most consistent with section 226.7[,]" which "prohibited employers from 'requir[ing] any

employee *to work* during any meal or rest period." *Id.* (emphasis in original).

In so ruling, the court was careful to distinguish "on call" rest periods, which "compel[] employees to remain at the ready and capable of being summoned to action[,]" *id.* at 270, from on-premises rest periods, which do not:

> Because rest periods are 10 minutes in length (Wage Order 4, subd. 12(A)), they impose practical limitations on an employee's movement.  That is, during a rest period an employee generally can travel at most five minutes from a work post before returning to make it back on time.  Thus, *one would expect that employees will ordinarily have to remain on site or nearby*.  This constraint, which is of course common to all rest periods, *is not sufficient to establish employer control*.

*Id.* at 270 (emphasis supplied).  By contrast, the court opined, "add to this state of affairs the additional constraints imposed by on-call arrangements[,]" such as carrying a device or responding to the employer's calls, and the rest period becomes noncompliant.  *Id.*  In other words, an on-premises requirement, without the additional work obligations imposed by on-call requirements, does not violate California law.

### C.   Following *Augustus*, Courts Continue to Agree That an On-Premise Requirement Does Not Violate California Law.

After *Augustus*, a number of courts, including at least two in this district, have held that an on-premises rest-period requirement does not violate California law.

In *Ritenour v. Carrington Mortgage Services, LLC*, No. SACV1602011-CJC-DFMX, 2018 WL 5858658, at *7 (C.D. Cal. Sept. 12, 2018), the court held that the employer's policy requiring employees to remain on site during rest periods did not violate California law.  In so holding, the court expressly rejected the plaintiffs' argument that the policy was "facially unlawful" under *Augustus*.  *Id.* at *6-7.  To the contrary, the court observed, the California Supreme Court noted in *Augustus* that on-premises constraints are common to all rest periods and insufficient to establish employer control.  *Id.* at *7 ("Nor does the policy conflict with *Augustus*.  The California Supreme Court

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

1    never stated that an employer cannot require an employee to remain on the premises
2    during a rest period.  Rather, the court held that employers are required by state law to
3    provide off-duty rest periods—that is, 'time during which an employee is relieved from
4    all work-related duties and free from employer control.'") (quoting *Augustus*, 2 Cal. 5th
5    at 264).

6        Similarly, in *Hubbs v. Big Lots Stores, Inc.*, No. LACV1501601JAKASX, 2018
7    WL 5264141, at *5 (C.D. Cal. Mar. 16, 2018), the court dismissed with prejudice the
8    plaintiffs' claim that an on-premises requirement violated California law.  Like *Ritenour*,
9    *Hubbs* noted that the California Supreme Court in *Augustus* distinguished between on-
10   call requirements and on-premises requirements in reaching the conclusion "that
11   requiring employees to remain 'on site or nearby' during a ten-minute break was 'not
12   sufficient to establish employer control.'"  *Id.* at *4 (quoting *Augustus*, 2 Cal. 5th at 270).

13       At least one state trial court has also agreed that on-premises requirements are not
14   unlawful.   In *Lopes v. Kohl's Department Stores*, Alameda Cnty. Sup. Ct.
15   No. RG08380189 (Feb. 18, 2017), the plaintiffs brought a motion for reconsideration of
16   the court's order denying their motion for summary judgment on their rest-period claim.
17   (RJN, Exh. B.)  The court denied the motion.  (*Id.*)  In doing so, it held "[t]he principal
18   problem" with plaintiffs' argument, "is that *Augustus* recognized the difference between
19   'on call' and 'on premises'—concepts which Plaintiffs conflate in their argument."  (*Id.*)
20   The court explained that, while *Augustus* deemed an on-call requirement "work" because
21   employees were required to carry and respond to communications devices, "[t]hat is not
22   the case with an onsite rest break that does not impose any duties on the employee taking
23   the break."   (*Id.*)   Moreover, the court rejected the plaintiff's argument that, by
24   formalizing in a rule the practical limitations on movement imposed by ten-minute rest
25   periods, the employer had exercised sufficient control to render the time work.  (*Id.*)

26       *Bell v. Home Depot U.S.A., Inc.*, No. 212CV02499JAMCKD, 2017 WL 1353779,
27   at *1 (E.D. Cal. Apr. 11, 2017), is also instructive.  There, the plaintiffs moved for
28   reconsideration of the court's order granting summary judgment on their claim that the

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

defendant had violated California law by requiring employees to remain on premises during rest periods. *Id.* at \*1. The plaintiffs argued that *Augustus* compelled reconsideration of the holding. *Id.* at \*2. In response, the defendant contended that *Augustus* instead implies that, absent additional duties or constraints, on-premises requirements do not violate California rest period laws. *Id.* The court denied reconsideration. *Id.* at \*2. The court said it found the defendant's reading of *Augustus* to be "more persuasive and accurate" than the plaintiffs' version. *Id.*

### D. Prohibiting an On-Premises Requirement Defies Common Sense and Places Employers in an Untenable Position.

If an on-premises rest-period requirement amounted to sufficient control to render a rest period noncompliant, all rest periods would be non-compliant unless employers suspended common-sense rules of behavior.

For example, most companies maintain safety rules and/or standards of conduct that continue in effect during rest periods. Numerous courts have held that such general workplace rules and expectations do not convert such time to work. *See, e.g.*, *Griffin v. Sachs Elec. Co.*, 2019 WL 2270417 (N.D. Cal. May 28, 2019) (time employees spent traveling 12-mile access road between security gate and work locations was not compensable, even though employer required employees to follow traffic and general workplace rules while traveling access road). The result is no different with respect to rest-period time. This is not "control" that forces employees to "shoulder an affirmative responsibility," *see Augustus*, 2 Cal. 5th at 271, or meaningfully limit their ability to spend the period resting. Rather, it protects employers' legitimate interests.

Relatedly, and critically, a long-standing body of workers' compensation law confirms employers may require employees to remain on premises so that employers may manage their workers' compensation risks. Employers can be liable for injuries sustained during paid rest periods, even when injuries occur off the employer's premises. *See* 1 CA Law of Employee Injuries & Workers' Comp § 4.139 (2019). "The basis for finding injuries to employee's sustained whether on or off the employer's premises during paid

or compensated break periods" is founded on "the implied agreement of the employer that employment continues during the periods for which the employee receives compensation." *Id.* (citation omitted). By contrast, "[a]n injury sustained off the employer's premises during an *uncompensated break*[,]" like an unpaid meal period, "is considered a departure from the course of employment because the employment contract does not contemplate that the employee is rendering a service for the employer during *uncompensated periods* absent special arrangements with the employer." *Id.* (emphasis supplied) (citation omitted). *See also W. Greyhound Lines v. Indus. Acc. Comm'n*, 225 Cal. App. 2d 517, 520 (1964) ("[A]cts of the employee for his personal comfort and gain while at work, even though performed off the employer's premises, may not interrupt the continuity of employment[.]"). In *Western Greyhound*, for example, a bus driver, upon entering a restaurant to purchase a cup of coffee during a paid layover between trips, was assaulted. *Id.* at 518-19. The injuries she sustained were compensable, the court held, because they arose out of and in the course of her employment. *Id.* at 521. The court found it immaterial that coffee was available to employees on the employer's premises, because the employer permitted drivers to leave the premises during layovers and evidence suggested the employer knew its drivers regularly purchased coffee at the off-premises restaurant during breaks. *Id.* at 520-21. Thus, without an on-premises rest break policy, employers expose themselves to additional workers' compensation risks for injuries that may be sustained if/when employees leave work premises for rest breaks.

The Court of Appeal reached a similar result in *Toohey v. Workmen's Compensation Appeals Board*, 32 Cal. App. 3d 98 (1973). There, the employer had an on-premises rest-break policy and an employee was struck by a hit-and-run driver upon exiting the employer's premises during a paid seven-minute break. *Id.* at 100. The employer attempted to avoid liability for the workers' compensation claim by establishing the employee had left the employer's premises in violation of the employer's on-premises rest break policy. However, because the employee's supervisor testified that he would have granted the employee permission to leave the premises had the employee

made the request, the court concluded the employer was liable for the employee's injuries. *Id.* at 100, 102.

Simply put, if California law prohibited on-premises rest-period requirements, employers would be unable to manage their own workers' compensation risk during paid work time . In holding that employers may not require employees to remain *on call* during rest periods, the California Supreme Court could not have intended this absurd result.

### E.    The DLSE's Revised Guidance Is Not Controlling.

Target expects that plaintiffs will try to avoid the conclusion that an on-premises rest-period requirement is lawful by pointing to the revised DLSE guidance published in November 2017, which says that employers may not require employees to remain on the premises during rest periods. (RJN, Exh. C.) However, because that guidance flatly contradicts the agency's earlier interpretation of California law, it cannot command deference. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1106 n.7 (2007) (although DLSE's construction of statute generally is entitled to consideration, when agency's construction flatly contradicts its original interpretation, it is not entitled to significant deference); *see also Ritenour*, 2018 WL 5858658, at *7 ("DLSE's expansive interpretation of *Augustus* in a Frequently Asked Questions page is neither binding on nor persuasive to this Court.").

For all these reasons, plaintiffs' new on-premises theory is not legally viable and should be dismissed.

### IV.    IN THE ALTERNATIVE, THE COURT SHOULD LIMIT PLAINTIFFS' ON-PREMISES THEORY TO POST-*AUGUSTUS*, DISMISS THE CLAIM AS TO BOWEN, AND LIMIT THE POTENTIAL LIABILITY PERIOD BASED ON THE FILING OF THE SAC, NOT THE ORIGINAL COMPLAINT

#### A.    Even If *Augustus* Could Be Read to Prohibit an On-Premises Requirement, Fairness and Due Process Considerations Would Preclude Retroactive Application of the New Rule.

"[W]hen a judicial decision changes a settled rule on which the parties below have

relied," considerations of fairness and due process bar the retroactive application of that decision. *Williams & Fickett*, 2 Cal. 5th 1258, 1282 (2017); *Moss v. Superior Court*, 17 Cal. 4th 396, 429 (1998); *Kreisher v. Mobil Oil Corp.*, 198 Cal. App. 3d 389, 398 (1988) ("Two factors of primary importance in resolving the issue of retroactivity are the extent to which the change in the law was foreshadowed and foreseeable and the extent of the reliance placed upon the former rule of law.") (citations omitted).

If *Augustus* is read to prohibit on-premises requirements (which it should not be), it not only changed a settled rule, it actually *inverted* the rule upon which California employers reasonably relied. As explained *supra* at 6-7, until November 2017, the DLSE expressly condoned on-premises requirements, and a number of courts agreed. *See, e.g.*, *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d at 953; *Freeman v. Zillow, Inc.*, No. SACV1401843JLSRNBX, 2015 WL 5179511, at *5; *Klune v. Ashley Furniture Indus., Inc.*, No. CV 14-3986 PA FFMX, 2015 WL 1540906, at *7; *Maitland v. Audio Visual Servs. Grp., Inc.*, No. 2:14-CV-05619-R, 2014 WL 12570929, at *1; *Banda v. Richard Bagdasarian, Inc.*, No. E035739, 2006 WL 1554441, at *7.

In light of these authorities confirming the lawfulness of on-premises rest-period requirements, even if *Augustus* marked an about-face, it certainly was not foreseeable, and retroactively penalizing employers would be patently unfair. *See Claxton v. Waters*, 34 Cal. 4th 367, 379 (2004) (where holding altered substantive legal consequences of employers' actions, fairness and public policy required prospective-only application). It would be particularly unfair and violative of due process with respect to imposition of civil penalties under PAGA, because the same governmental body that consistently told employers they could adopt on-premises requirements stands to collect the lion's share of any penalties imposed. *See* Cal. Lab. Code § 2699(i) (requiring 75% of all penalties recovered under PAGA to be paid to LWDA).

**B.     At Least One Court Already Has Ruled That *Augustus* Cannot Apply Retroactively.**

Target is aware of only one court that has considered whether *Augustus* should

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

apply retroactively, and that court resoundingly held that it should not.  Similar to the factual claims in *Augustus*, in *McRae v. SP Plus Security Services, Inc.*, Los Angeles Cnty. Super. Ct. No. BC550147 (Apr. 18, 2018), the plaintiff presented evidence that he and other security officers were instructed to "always monitor" their radios and to have their radios turned on and with them "at all times."  (RJN, Exh. D.)  Under *Augustus*, he claimed, such "on call" rest periods violated California law.  (*Id.*)  However, because an "'on call' requirement was not considered unlawful during the relevant period[,]" the court noted the claim would rise or fall upon retroactive application of *Augustus*.  (*Id.*)

The claim fell.  The court held that fairness and due process considerations compelled prospective-only application of *Augustus*'s ruling about on-call requirements for two primary reasons.  First, the defendant reasonably had relied on the "pre-*Augustus*" rule that distinguished between on-duty and on-call rest periods. *Id*. at 14-15. For example, the defendant had relied on a 1992 opinion letter by the DLSE distinguishing between a requirement to carry a pager and a requirement to respond to a pager.  *Id*.  The court concluded the defendant's reliance on the pre-*Augustus* rule also was reasonable because no court, whether trial or appellate, had previously sided with the rule announced in *Augustus*.  *Id*. at 15.  The court reasoned, "not only is the change in the law substantive, it is also significant."  *Id*. (agreeing that *Augustus* was "stunning landmark decision").  In such circumstances, the court held, "it cannot be said that such uncertainty is not a complete defense."  *Id*.  Second, the court held that imposing PAGA penalties based on retroactive application of *Augustus* would violate due process.  Again, the court reasoned that the defendant had reasonably relied on "the longstanding, preexisting state of the law … and the DLSE opinion" regarding on-call rest periods.  *Id*. at 15-16.  The court therefore granted the defendant's motion for summary judgment on the claim.  *Id*. at 12.

This action presents an even stronger case for prospective-only application of *Augustus* than *McCrae*.  In *McCrae*, the plaintiff challenged an on-call rest period policy virtually identical to the policy *Augustus* expressly deemed unlawful.  In other words,

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

were it ever appropriate to apply *Augustus* retroactively, it should have been in *McCrae*. By contrast, plaintiffs here challenge a policy or practice that was *not* before the court in *Augustus*, and that, if anything, the court's dicta suggests *is* lawful.

Accordingly, even if the Court were to find plaintiffs' on-premises theory viable under California law (which Target submits it should not), it should limit the claim to the period after December 22, 2016, when *Augustus* was decided.

### C.   Bowen Is Time-Barred from Asserting the On-Premises Theory.

"A claim must be dismissed under Rule 12(b)(6) when the running of the statute of limitations is apparent on the face of the complaint." *Blyden v. Navient Corp.*, No. EDCV 14-2456-JGB-KKX, 2016 WL 6601658, at *3 (C.D. Cal. Feb. 16, 2016) (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).   Rule 12(b)(6) also permits a court to dismiss only certain theories underlying a claim for relief if it determines those theories are time-barred.   *See Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2019 WL 4394402, at *1 (N.D. Cal. Sept. 13, 2019) ("Plaintiff is correct that courts sometimes parse the allegations of a complaint to dismiss untimely portions of claims for relief.") (citation omitted); *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV 14-3053-MWF(VBKX), 2015 WL 12777091, at *10 (C.D. Cal. Feb. 12, 2015) (where fraud cause of action included several claims, holding there was "no reason why the fraud count should not be dismissed for untimely claims yet continue for those that are timely.").

Claims brought under Labor Code section 226.7 are subject to a three-year statute of limitations.   Cal. Code Civ. Proc. § 338(a); *Murphy,* 40 Cal.4th at 1099.   A PAGA claim for civil penalties is subject to a one-year statute of limitations.   *See* Cal. Code Civ. Proc. § 340(a); *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007-08 (N.D. Cal. 2007).

Plaintiffs allege in the SAC that Bowen was employed by Target until May 2015. (ECF 50, ¶ 3.)   Thus, the latest Bowen could have asserted a section 226.7 claim based on an on-premises theory was May 2018, and the latest she could have asserted a PAGA

claim based on that theory was May 2016. But plaintiffs only interjected their on-premises theory into this action on December 3, 2019—long after both limitations periods had expired—with the filing of the SAC.[4]

Consequently, to the extent Bowen's claims under section 226.7 and PAGA claim are premised on the on-premises theory, they are time-barred and should be dismissed.

### 1. Bowen Is Not Saved by the Relation-Back Doctrine.

The relation-back doctrine does not save Bowen's on-premises rest-period theory. The relation-back doctrine balances two competing concerns: the preference for deciding issues on the merits and the purpose served by statutes of limitations, namely, "protecting defendants from stale claims." *Walters v. Cal. Dep't of Corr. & Rehab.*, No. 217CV2393MCEKJNP, 2018 WL 341792, at *8 (E.D. Cal. Jan. 9, 2018), *report and recommendation adopted*, 2018 WL 1900021 (E.D. Cal. Apr. 20, 2018) (quoting *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1005 (9th Cir. 2014)). For the doctrine to apply, a newly asserted claim must "[arise] out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(B)).

A plaintiff who stakes out a claim may not later change the theory of liability for the claim by *adding new facts* and invoking the relation-back doctrine. *See, e.g.*, *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (rejecting application of relation-back doctrine where new claim constituted new legal theory based on different facts than those pled in original complaint); *Hall v. Kraft Heinz Food Co. (LLC)*, No. 119CV00565LJOBAM, 2019 WL 2598764, at *6 (E.D. Cal. June 25, 2019) ("The relation-back doctrine only allows the addition of new theories that are based on the facts alleged in the original complaint.") (citing *Rodriguez v. Airborne Express*, 265 F.3d 890,

---

[4]   Even if the UCL four-year statute of limitations applied here—which, Target contends, it does not because rest-period premiums are not restitution recoverable under the UCL—Bowen's claim still would be time-barred, since she did not assert the claim by May 2019, four years after she left Target.

-17-

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

899 (9th Cir. 2001)); *Naranjo v. Bank of Am. N.A.*, No. 14-CV-02748-LHK, 2015 WL 913031, at *9 (N.D. Cal. Feb. 27, 2015) ("[W]here a party has to include additional facts in the party's pleading to support the added claim, relation back is generally improper.") (citation and internal alterations omitted).

Here, Bowen's original complaint and FAC assert no facts relevant to the new on-premises theory of liability.  The original complaint merely alleged that Target failed to provide rest periods by "requiring, permitting or suffering" Bowen and putative class members "to work through meal and rest breaks[.]"  (ECF 1-1, ¶¶ 19, 20, 24, 29.) Bowen's only *factual* allegations related to her rest-period claims—which she first pled in the FAC filed six months after she sued Target—were that she and other putative class members experienced interrupted rest periods as a result of an alleged policy requiring them to keep wireless communication devices on at all times during their shifts.  (ECF 21, ¶ 14.)  In other words, Bowen predicated her entire claim for relief for failure to provide rest periods on the theory that rest periods were *interrupted by work*; she pleaded nothing about a requirement to remain on-premises during rest periods.

Thus, Bowen cannot now assert an on-premises theory by adding new facts and invoking the relation-back doctrine.

### 2.  Bowen Failed to Exhaust Her Administrative Remedy Under PAGA with Respect to the On-Premises Theory, and It Is Too Late for Her to Do So Now.

Normally, the right to seek civil penalties under the Labor Code resides with the LWDA.  Under PAGA, that right can be asserted by a current or former aggrieved employee (a "private attorney general"), but only after the employee gives notice of the claim to LWDA, so that the LWDA can decide whether it wants to retain jurisdiction or allow the private attorney general to proceed.  Cal. Lab. Code § 2699.3(a)(1).  Only if the LWDA declines to investigate or, under an earlier version of the statute applicable here, lets 33 days pass without action, can the plaintiff proceed with a civil lawsuit asserting a PAGA claim.  *Id.*, § 2699.3(a)(2)(A) (amended 2016).

Notice to the LWDA is not a mere formality.  An adequate notice must include

MEMO. ISO TARGET'S MOTION TO DISMISS ON-PREMISES THEORY OF PLAINTIFFS' SAC U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

both "the facts and theories to support the alleged violation."   Cal. Lab. Code § 2699.3(a)(1).   The Ninth Circuit has held that notice is insufficient where it does not provide enough information "to permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight[,]" or "to allow the [LWDA] to intelligently assess the seriousness of the alleged violations." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015) (affirming summary judgment for employer where notice to LWDA listed conclusory allegations citing provisions of the Labor Code and alleged no facts other than those that "could be read into [it]"); *see also Lucas v. Michael Kors (USA), Inc.*, No. CV181608MWFMRWX, 2018 WL 6177222, at *2-4 (C.D. Cal. May 23, 2018), *reconsideration denied*, 2018 WL 6177225 (Aug. 20, 2018) (plaintiff's notice to LWDA "[fell] far short of fulfilling the purposes of PAGA's pre-suit letter requirement" where it did not provide "the *facts and theories* to support the alleged violation") (emphasis in original) (citation and internal alterations omitted).

Further, where an LWDA notice identifies some facts and theories, but not others, the plaintiff's subsequent PAGA claim must be limited to the facts and theories that *were* identified, and may not add new ones.   *See Bradescu v. Hillstone Rest. Grp., Inc.*, No. SACV 13-1289-GW RZX, 2014 WL 5312546, at *11 (C.D. Cal. Sept. 18, 2014), *tentative order confirmed*, 2014 WL 5312574 (Oct. 10, 2014).   In *Bradescu*, the court observed that the plaintiff's PAGA notice identified a "free meals-based overtime theory" in support of the claim that her employer miscalculated her overtime rate, but failed to identify facts supporting the "large party gratuities" and "training bonuses" theories that the plaintiff later sought to advance by way of her PAGA claim.   *Id.*   Ultimately, while the court denied the defendant's motion to dismiss the PAGA claim in total, it held that the plaintiff "should consider her PAGA claim to be limited to specifically those theories (and those Labor Code sections) mentioned in her PAGA notice."   *Id.*   The court later ruled that regardless of whether it struck the portions of the plaintiff's PAGA claim not stated in her PAGA notice, she would "not be allowed to proceed on them[,]" and invited the defendant to file a motion to that end.   *See* Civil Minutes, *Bradescu v. Hillstone Rest.*

MEMO. ISO TARGET'S MOTION TO DISMISS
ON-PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101351563.1

*Grp., Inc.*, No. SACV 13-1289-GW RZX (C.D. Cal. Feb. 26, 2015), ECF 119.  *See also Alvarez v. Autozone, Inc.*, No. EDCV142471VAPSPX, 2018 WL 6137132, at *4 (C.D. Cal. Sept. 10, 2018) ("PAGA claims are limited to the specific theories and Labor Code violations mentioned in the PAGA notice letter.") (citation omitted); *Stoddart v. Express Servs., Inc.*, No. 2:12-CV-01054-KJM, 2015 WL 5522142, at *8 (E.D. Cal. Sept. 16, 2015) ("PAGA claims are limited to the specific theories identified in a notice letter"; holding plaintiff could "not seek penalties under PAGA predicated on ... theories" he failed to specifically identify in PAGA notice) (citation omitted); *Holak v. K Mart Corp.*, No. 1:12-CV-00304-AWI-MJ, 2015 WL 2384895, at *3 (E.D. Cal. May 19, 2015) (holding plaintiff was constrained to theories set forth in PAGA notice, reasoning that "[t]he requirements for exhaustion with notice to the LWDA are intended to give specific notice of the potential claims and facts at issue to allow for the possibility of correction without litigation") (citation omitted).

Here, Bowen submitted her LWDA notice on October 29, 2015.  (Wohl Decl., ¶ 2, Exh. A.)    In the notice, Bowen alleged that "rest periods were either less than ten minutes, not provided, interrupted, or late, as prescribed by California law[.]"   She alleged that Target gave team members "too much work to perform to take rest breaks." (*Id.*)  She asserted no facts or legal theories regarding an on-premises "policy."  Thus, the notice is plainly insufficient under *Alcantar*.  Bowen did not exhaust her administrative remedy and, like the plaintiffs in *Bradescu* and *Holak*, she cannot now proceed with a PAGA claim based on this new theory.

Nor can Bowen rely on a relation-back theory for the PAGA claim.  Relation-back does not apply in the PAGA notice context.  Under PAGA, the cause of action resides with the LWDA in the first place.  If timely notice was never given to the LWDA, a private attorney general has no jurisdictional authority to pursue such a claim.  This notice cannot be accomplished retroactively.  *See Mazzei v. Regal Entm't Grp.*, No. SACV 13-1284-DOC, 2013 WL 6633079, at *5 (C.D. Cal. Dec. 13, 2013) (where plaintiff fails to comply with PAGA's notice requirement, "[a]pplying the relation back

-20-

doctrine ... is both illogical and contrary to the statutory purpose"; reasoning that, because "PAGA's administrative exhaustion requirements are the functional equivalent of [a] "condition precedent[,]" [a] later amendment cannot retroactively bestow administrative compliance that did not exist when the plaintiff filed the initial complaint"); *Gordon v. Aerotek, Inc.*, No. EDCV170225DOCDTBX, 2017 WL 8217410, at *4 (C.D. Cal. Oct. 12, 2017) ("[A] PAGA cause of action in an amended complaint cannot relate back to the original complaint where a plaintiff failed to comply with statutory pre-filing requirements before filing the original complaint.") (citation omitted); *see also Stoddart*, 2015 WL 5522142, at *8 (finding no need to address plaintiff's relation-back argument where PAGA notice did not contain allegations regarding failure to include inclusive dates of pay periods on wage statements, and thus allegation was barred for failure to exhaust).

Because it is too late for her to assert an on-premises rest-period theory, the theory should be dismissed as to Bowen with respect to the Second, Eighth and Ninth Claims for Relief.

### D. Because Bowen Is Time-Barred, the Other Plaintiffs May Pursue a Potential Liability Period Based Only on the Filing of the SAC, Not the Original Complaint.

With Bowen unable to prosecute the rest-period claims under the new on-premises theory, even if the claims are allowed to proceed at this stage, the other plaintiffs may prosecute the claims only with respect to a liability period based on the filing of the SAC, not the original complaint. That is, depending on the claim, they may pursue liability periods going back no more than three years before the SAC for rest-period premiums (Second Cause of Action), four years before the SAC for restitution under the UCL (Eighth Cause of Action), and one year before the SAC for civil penalties under PAGA.[5]

### V. CONCLUSION

California law does not prohibit a requirement that employees remain on their

---

[5]   Of course, if the Court agrees that *Augustus* is not retroactive, the three-year and four-year limitations periods would be shortened to after December 22, 2016.

employers' premises during paid rest periods.   Accordingly, to the extent plaintiffs' Second, Eighth and Ninth Claims for Relief for failure to provide rest periods are based on an on-premises theory, the claims fail to state a claim on which relief may be granted, and should be dismissed.

Alternatively, even were the Court persuaded that *Augustus* can be read to prohibit on-premises rest-period requirements, fairness and due process would preclude its retroactive application.   Thus, to the extent the Court does not dismiss the on-premises theory altogether, it should limit the scope of the theory to the post-*Augustus* period.

Finally, Bowen is time-barred from asserting an on-premises theory because the theory does not relate back the original complaint and Bowen failed to exhaust her administrative remedy.   Thus, to the extent the Court does not dismiss the on-premises theory altogether, the Court still should dismiss it as to Bowen and limit the potential liability period for the other plaintiffs based on the filing of the SAC, not the original complaint.

Dated:  December 17, 2019.   JEFFREY D. WOHL
RYAN D. DERRY
ANNA M. SKAGGS
JEFFREY G. BRIGGS
PAUL HASTINGS LLP


By:   _____/s/ *Jeffrey D. Wohl*_____
Jeffrey D. Wohl
Attorneys for Defendant
Target Corporation