JEFFREY D. WOHL (Cal. State Bar No. 096838)
RYAN D. DERRY (Cal. State Bar No. 244337)
ANNA M. SKAGGS (Cal. State Bar No. 319179)
JEFFREY G. BRIGGS (Cal. State Bar No. 323790)
PAUL HASTINGS LLP
101 California Street, 48th Floor
San Francisco, California 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100
jeffwohl@paulhastings.com
ryanderry@paulhastings.com
annaskaggs@paulhastings.com
jeffreybriggs@paulhastings.com

Attorneys for Defendant
Target Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AISHA BOWEN, an individual on behalf of herself and all others similarly situated; ANKE McCREA, an individual on behalf of herself and all others similarly situated; CHENEICE ROBERSON, an individual on behalf of herself and all others similarly situated; STACEY WILLIAMS, an individual on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>TARGET CORPORATION; a Minnesota corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. 2:16-CV-02587-JGB-MRW<br><br>**DEFENDANT TARGET CORPORATION'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS ON-PREMISES REST-PERIOD THEORY OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:      January 27, 2020<br>Time:     9:00 a.m.<br>Courtroom: 1 (3470 Twelfth St., Riverside)<br>Judge:    Hon. Jesus G. Bernal |

SUPP. RJN ISO TARGET'S MTN TO DISMISS ON-
PREMISES THEORY OF PLAINTIFFS' SAC
U.S.D.C., C.D. Cal., No. 2:16-CV-02587-JGB-MRW

LEGAL_US_W # 101649627.1

1    Defendant Target Corporation ("Target") respectfully requests that the Court take
2    judicial notice, pursuant to Rule 201, Federal Rules of Evidence, of the following official
3    records in support of Target's motion to dismiss the on-premises rest-period theory of
4    plaintiffs' Second Amended Complaint:

5    1.    Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings
6          in *Cahilig v. IKEA U.S. Retail, LLC*, No. CV 19-01182-CJC(ASX), 2019
7          WL 3852490 (C.D. Cal. June 20, 2019) (ECF 15), a true and correct copy of
8          which is attached to this request as Exhibit E.[*]

9    2.    Appellate Courts Case Information for *Vazquez v. Jan-Pro Franchising*
10         *International*, No. S258191, reviewed on January 13, 2020, at
11         https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?doc
12         _id=2298558&request_token=NiIwLSEmXkw%2BWyBNSCJNVEJJUFg0
13         UDxTJiBeQzNTICAgCg%3D%3D&start=1&doc_no=S258191&dist=0&se
14         arch=caption, a true and correct copy of which is attached to this request as
15         Exhibit F.

16   3.    Appellate Courts Case Information for *Gonzalez v. San Gabriel Transit,*
17         *Inc.*, No. S259027, reviewed on January 13, 2020, at
18         https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist
19         =0&doc_id=2302968&doc_no=S259027&request_token=NiIwLSEmXkw%
20         2BWyBNSCJNUENJQEg0UDxTJiBORzhSQCAgCg%3D%3D, a true and
21         correct copy of which is attached to this request as Exhibit G.

22   Rule 201(b), Federal Rules of Evidence, permits judicial notice of facts that can be
23   "accurately and readily determined from sources whose accuracy cannot reasonably be
24   questioned."  Pursuant to this rule, a court may take judicial notice of legislative history,
25   regulations and agency interpretations, matters of public records, and court proceedings.
26   *See Cardenas v. McLane Foodservices, Inc.*, 796 F. Supp. 2d 1246, 1251, n.2 (C.D. Cal.

27

28   [*]    Exhibit lettering continues from Target's first request for judicial notice in support
     of the motion to dismiss (ECF 54).

1 | 2011) (taking judicial notice of Division of Labor Standards Enforcement opinion letter);

2 | *Brown v. Valoff*, 422 F.3d 926, 931, 933 n. 7, 9 (9th Cir. 2005) (taking judicial notice of

3 | California Department of Corrections' Operations Manual and Administrative Bulletin as

4 | "record[s] of state agency not subject to reasonable dispute") (citation omitted); *U.S. ex*

5 | *rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.

6 | 1992) (taking judicial notice of proceedings before California Superior Court where

7 | directly related to and potentially dispositive on pending issues).

8 | Based upon the foregoing, Target respectfully requests that the Court take judicial

9 | notice of the documents listed above and attached to this request.

10 | Dated: January 13, 2020.           JEFFREY D. WOHL
                                       RYAN D. DERRY
11 |                                    ANNA M. SKAGGS
                                       JEFFREY G. BRIGGS
12 |                                    PAUL HASTINGS LLP

14 |                                    By: _____ /s/ *Jeffrey D. Wohl*
                                                   Jeffrey D. Wohl
15 |                                        Attorneys for Defendant
                                           Target Corporation

LEGAL_US_W # 101649627.1

# EXHIBIT E

Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Raphael A. Katri, Esq. (#221941)
LAW OFFICES OF RAPHAEL A. KATRI
8549 Wilshire Boulevard, Suite 200
Beverly Hills, CA 90211-3104
Tel.: (310) 940-2034 / Fax: (310) 733-5644
Email: RKatri@socallaborlawyers.com

Attorneys for Plaintiff ALLYZA CAHILIG,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLYZA CAHILIG, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IKEA U.S. RETAIL, LLC, a Virginia limited liability company; and DOES 1 to 100, inclusive, <br><br> Defendants. | **CLASS ACTION** <br><br> Case No.: 2:19-cv-01182-CJC (ASx) <br><br> **PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **Date: June 24, 2019** <br> **Time: 1:30 p.m.** <br> **Courtroom: 7C** <br><br> Honorable Cormac J. Carney <br><br> Action filed: January 10, 2019 <br> Trial Date: None Set |

///

///

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 1 -

EXHIBIT E, Page 3

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I. Introduction ...................................................................................... 1

II. Facts ................................................................................................. 1

III. Law ................................................................................................. 1

    A. Standard ................................................................................. 1

    B. Plaintiff has alleged facts stating a claim for failure to authorize and permit rest periods. ................................................................ 2

    C. Plaintiff has alleged facts stating a claim for waiting time penalties. ................................................................ 5

    D. Plaintiff has alleged facts stating a claim for violation of Labor Code § 226. ................................................................ 8

    E. Plaintiff has alleged facts stating a claim for violation of Business and Professions Code section 17200. ........................ 10

IV. Conclusion ..................................................................................... 10

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Augustus v. ABM Security Servs., Inc.,*
    2 Cal.5th 257 (2016) ...................................................................... 2, 3, 4, 5

*Bell v. Home Depot U.S.A., Inc.,*
    2017 WL 1353779 (E.D. Cal., Apr. 11, 2017,
    No. 212CV02499JAMCKD) ........................................................ 5

*Bernstein v. Vocus, Inc.,*
    2014 WL 3673307 (N.D. Cal., July 23, 2014,
    No. 14-CV-01561-TEH) ............................................................. 5

*Brewer v. General Nutrition Corp.,*
    2015 WL 5072039 (N.D.Cal. Aug. 27, 2015) ............................. 8

*Brinker v. Superior Court,*
    53 Cal.4th 1004 (2012) ............................................................... 3

*Cortez v. Purolator Air Filtration Products Co.*
    (2000) 23 Cal.4th 163 ................................................................. 10

*Farmers Ins. Exch. V. Superior Court*
    (1992) 2 Cal.4th 377 ................................................................... 10

*Fleming v. Pickard,*
    581 F.3d 922 (9th Cir. 2009) ...................................................... 2

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,*
    896 F.2d 1542 (9th Cir. 1990) .................................................... 2

*Hubbs v. Big Lots Stores, Inc.,*
    2018 WL 5264141 (C.D. Cal., Mar. 16, 2018,
    No. LACV1501601JAKASX) ..................................................... 5

*Kirby v. Immoos Fire Prot., Inc.,*
    53 Cal.4th 1244 (2012) ............................................................... 7

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**Cases - Continued**

*Lopez v. Aerotek, Inc.,*
     2016 WL 11505588 (C.D. Cal., Mar. 2, 2016,
     No. SACV1400803CJCJCGX) ..................................................................... 8

*Maldonado v. Epsilon*
     (2018) 22 Cal.App.5th 1308 ........................................................................ 9

*Murphy v. Kenneth Cole Productions, Inc.*
     (2007) 40 Cal.4th 1094 ........................................................................ 6, 7, 8

*Qwest Commc'ns Corp. v. City of Berkeley,*
     208 F.R.D. 288 (N.D. Cal. 2002) ................................................................ 2

*Ritenour v. Carrington Mortgage Services, LLC,*
     2018 WL 5858658, (C.D. Cal., Sept. 12, 2018,
     No. SACV1602011CJCDFMX) ............................................................. 4, 5

*Stewart v. San Luis Ambulance, Inc.*
     (9th Cir. 2017) 878 F.3d 883 ...................................................................... 6

**Statutes and Rules**

Business & Professions Code § 17200 ....................................................... 10

Federal Rule of Civil Procedure 12 ............................................................. 1

Labor Code § 203 ............................................................................... 5, 6, 7, 8

Labor Code § 218 ............................................................................................ 7

Labor Code § 226 .......................................................................... 3, 6, 7, 8, 9

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

EXHIBIT E, Page 6

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

## OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    Introduction

Defendant Ikea U.S. Retail, Inc. brings a premature dispositive motion, arguing a disputed factual issue - whether Defendant asserted impermissible control over putative class members' rest periods. Because Plaintiff Allyza Cahilig's complaint alleges that Defendant controlled where employees were allowed to take rest periods, the rest period claim is cognizable and cannot be adjudicated at the pleadings stage.

Likewise, Defendant's arguments regarding the validity of Plaintiff's claims for waiting time penalties, inaccurate wage statements,[1] and unfair competition lack merit. Initially, these claims are derivative of the valid rest period claim, and are thus not subject to adjudication at this point in the litigation. Second, this Court has already held that rest period premiums are "wages," and thus support a claim for waiting time penalties. Finally, Defendant has failed to provide any authority supporting its argument that failure to pay break premiums does not result in inaccurate wage statements.

### II.    Facts

Plaintiff Cahilig brought this putative class action against her former employer alleging several Labor Code violations, including, as relevant here, failure to authorize and permit rest periods, failure to pay all wages due on employment separation, inaccurate wage statements, and unfair competition. See Compl. (Dkt. No. 1-1). The rest period claim is based on Defendant's uniform policy of controlling employees' location and movement during rest periods, in violation of *Augustus v. ABM Security Servs., Inc.*, 2 Ca1.5th 257 (2016). Compl. ¶¶ 32-44. The second, third, and sixth causes of action are derivative of the rest

---

[1] Defendant moves for judgment only on the third cause of action regarding derivative inaccurate wage statements, and not the fourth cause of action for independent inaccurate wage statements.

EXHIBIT E, Page 7

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

period claim. Compl. ¶¶ 45-65, 88-99.

## III. Law

### A. Standard

A motion for judgment on the pleadings under Federal Rule of Civil
Procedure 12(c) is substantially identical to a motion to dismiss for failure to state
a claim under Federal Rule of Civil Procedure 12(b)(6) because both permit
challenges to the legal sufficiency of the opposing party's pleadings. *Qwest
Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).
"Judgment on the pleadings is properly granted when there is no issue of material
fact in dispute, and the moving party is entitled to judgment as a matter of law."
*Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009); see also *Hal Roach Studios,
Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).
"[J]udgment on the pleadings is improper when the district court goes beyond the
pleadings to resolve an issue; such a proceeding must properly be treated as a
motion for summary judgment." *Hal Roach Studios, Inc.*, 896 F.2d at 1550.

### B. Plaintiff has alleged facts stating a claim for failure to authorize and permit rest periods.

"During required rest periods, employers must... relinquish any control over
how employees spend their break time." *Augustus v. ABM Security Servs., Inc.,* 2
Cal.5th 257, 260, 273 (2016). Restricting employees to a certain location, i.e.,
controlling where an employee must physically spend his or her rest period, is a
form of employer control. *Id.*

In *Augustus,* the California Supreme Court held that California's rest period
requirement "obligates employers to permit-and authorizes employees to take-off-
duty rest periods. That is, during rest periods employers must relieve employees of
all duties and relinquish control over how employees spend their time." *Id.* at 269.
The plaintiffs in *Augustus* were security guards who were required to keep their
pagers and phones on during 10-minute rest breaks and to respond to calls as

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90016-5614
TEL: (323) 549-9100
FAX: (323) 549-0101

- 2 -

EXHIBIT E, Page 8

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

needed. *Id.* at 260. The security guards asserted that by requiring them to remain on-call during breaks, the employer was not providing them with true "rest" breaks. The trial court granted the plaintiffs' motion for summary adjudication, concluding that "an on-duty or on-call break is no break at all." *Id.* at 261. The Court of Appeal disagreed and reversed, concluding that "'simply being on call'" is not inconsistent with a period of rest. *Id.* at 262.

The Supreme Court granted review and reinstated the grant of summary adjudication for the security guards. It observed that applicable law required hourly employees be provided "rest periods" but did not define the term. Section 226.7, however, prohibits employers from "requir[ing] any employee to work during any meal or rest period," suggesting parallel requirements for meal periods and rest periods. *Augustus,* 2 Cal.5th at 265-66. Accordingly, the court looked to *Brinker v. Superior Court*, 53 Cal.4th 1004, 1038-39 (2012), which discussed the requirement to relinquish control over employees during meal periods. *Id.*

The court determined, "one cannot square the practice of compelling employees to remain at the ready, ***tethered by time and policy to particular locations*** or communications devices, with the requirement to relieve employees of all work duties and employer control during 10-minute rest periods." *Id.* at 269, emphasis added. The *Augustus* court held that, just as the court in *Brinker* found that an employer impermissibly exerts control over an employee during a meal period when it restricts the employee to the employer's premises, employees on rest periods must "be freed from employer control over how they spend their time." *Id.* at 270.

Specifically, the California Supreme Court noted that "a rest period means an interval of time free from labor, work, or any other employment-related duties." *Id.* Although the court noted that "one would expect that employees will ordinarily have to remain on site or nearby" because of time constraints, *Augustus* held that an employee must be permitted to "take a brief walk" or "take care of other

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90086-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 3 -

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

1    personal matters that require truly uninterrupted time—like pumping breast

2    milk…or completing a phone call to arrange child care." *Augustus*, 2 Cal.5th at

3    270.

4        Here, Defendant argues that *Augustus* did not prohibit an employer from

5    requiring employees to stay on site during rest periods. Glaringly, however,

6    Defendant overlooks that its policy went much further. Specifically, as alleged in

7    the complaint, Defendant required Plaintiff and putative class members to take rest

8    breaks "in either the Staff Café or other designated non-work areas." Compl. ¶ 40.

9    Thus, the issue of whether Ikea exerted unlawful control over putative class

10   members during their rest periods is a nuanced question that is not ripe for

11   determination at the pleadings stage.

12       Defendant relies on *Ritenour v. Carrington Mortgage Services, LLC,* 2018

13   WL 5858658, at *6 (C.D. Cal., Sept. 12, 2018, No. SACV1602011CJCDFMX) to

14   argue that Ikea's policy requiring employees to take rest periods in a particular

15   location is not facially invalid.[2] In *Ritenour*, the defendant's policy stated

16   employees must remain on site during rest breaks. *Id.* ["During these paid rest

17   periods, Associates must remain at the work facility."]. This Court correctly noted

18   that such a policy, without further evidence of employer control, does not per se

19   violate *Augustus*. *Id.* at *7. The Court found that "there [was] no evidence of a

20   policy under which CMS employees, whether on site or not, were uniformly

21   subject to employer control during their rest breaks," and, regardless, the on-site

22   policy was not uniformly implemented. *Id.* Accordingly, the Court denied the

23   motion for class certification. *Id.* at *6.

24       However, unlike in *Ritenour*, Defendant Ikea's rest period policy does not

25   merely require employees to remain on site, but rather requires them to stay in a

26
27   [2] Notably, the *Ritenour* ruling relied on by Defendant decided class certification,
     not substantive legal issues. Accordingly, the analysis of the substantive merits of
28   the rest period claim is appropriately brief.

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 4 -

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

specific location at the worksite. Compl. ¶ 40. This policy is unlawful not just because it requires employees to remain on the employer's premises, like in *Ritenour*, but because it tethers employees to particular locations. Defendant's control over employees during their rest periods is exercised by restraining their movement. Ikea's policy prohibits employees from taking a walk, getting fresh air, or taking a phone call in a private location. This is similar to the rest period policy in *Augustus*, which was held invalid not because it required employees to remain on site, but because it prohibited employees from engaging in personal activities outside of the employer's control.

Defendant also relies on *Bell v. Home Depot U.S.A., Inc.,* 2017 WL 1353779 (E.D. Cal., Apr. 11, 2017, No. 212CV02499JAMCKD), but that ruling did not specify what Home Depot's rest break policy was. Significantly, however, the court there "[did] not specifically adopt Defendant's interpretation that *Augustus* affirmatively condones on-premises rest breaks." *Id.* at *2. In other words, *Bell* does not stand for the proposition that Defendant advances, i.e., that on-premises rest break policies are per se lawful.

Further, like in *Ritenour,* the employer in *Hubbs v. Big Lots Stores, Inc.*, 2018 WL 5264141, at *4 (C.D. Cal., Mar. 16, 2018, No. LACV1501601JAKASX) appeared to require employees to stay on the premises, but there is no mention in that case that the employees were confined to a particular location as they are here.

Defendant does not address that its policy tethers employees to a particular location, thereby unlawfully controlling how putative class members spend their rest periods. Plaintiff must be allowed to conduct discovery regarding the extent of Defendant's control over employee rest periods and, as such, this claim is not appropriate for adjudication at this time. Plaintiff has alleged a valid claim for failure to authorize and permit rest periods, and Defendant's motion regarding this claim must be denied.

///

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90016-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

- 5 -

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

### C. Plaintiff has alleged facts stating a claim for waiting time penalties.

To state a claim for waiting time penalties under Labor Code § 203, a plaintiff must allege that her employer willfully failed to pay all wages she was entitled to at the time her employment ended. See *Bernstein v. Vocus, Inc.*, 2014 WL 3673307, at *5 (N.D. Cal., July 23, 2014, No. 14-CV-01561-TEH).

Defendant first argues that Plaintiff has not stated a claim for violation of Labor Code § 203 because "she alleges no facts regarding her final paycheck or what wages were not paid." Dkt. No. 14, 6:4-6. To the contrary, the complaint alleges that putative class members (which includes Plaintiff Cahilig) are no longer employed by Defendant, and that Defendant "willfully failed to pay the members of the LC 203 Class their entire wages due and owing" upon employment separation. Compl. ¶¶ 47-49. Moreover, the complaint specifies that the unpaid wages are due to Defendant's failure to pay rest break premiums. Compl. ¶¶ 43, 48, 57. Accordingly, Plaintiff has alleged all requisite facts to state a claim for waiting time penalties under Labor Code § 203.

Next, Defendant argues that unpaid rest period premiums do not support a cause of action for waiting time penalties. Notably, this question is currently pending in the California Supreme Court. In *Stewart v. San Luis Ambulance, Inc.* (9th Cir. 2017) 878 F.3d 883, 885, the Ninth Circuit certified to the California Supreme Court three questions, including whether "violations of meal period regulations, which require payment of a 'premium wage' for each improper meal period, give rise to claims under sections 203 and 226 of the California Labor Code where the employer does not include the premium wage in the employee's pay or pay statements during the course of the violations?" Accordingly, any determination of this issue should wait until the decision in *Stewart,* which will resolve the issues presented here.

In any event, as the law currently stands, rest period premiums are considered "wages" under section 203. The California Supreme Court, in its 2007

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

decision in *Murphy,* held that payments for missed breaks should be considered wages, rather than a penalty, in the context of determining the applicable statute of limitations. *Murphy v. Kenneth Cole Productions, Inc.,* 40 Cal.4th 1094, 1110 (2007) ("payment for missed meal and rest periods [was] enacted as a premium wage to compensate employees"). Relying on the premise that "statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees," *Murphy* made three important conclusions: (1) "Section 226.7's 'additional hour of pay' constitutes wages" as the Legislature intended section 226.7 to "compensate employees for their injuries"; (2) The premium wages function identically to overtime premiums ("a payment owed pursuant to section 226.7 is akin to an employee's immediate entitlement to payment of wages or for overtime"); and (3) "Under the amended version of section 226.7, an employee is entitled to the additional hour of pay immediately upon being forced to miss a rest or meal period." *Id.* at 1102, 1108, 1111. These conclusions from *Murphy* establish that regardless of whether the claim under section 226.7 is characterized as one for non-payment of wages or something else, the remedy provided is unequivocally a "wage."

Five years later, in *Kirby v. Immoos Fire Protection,* the California Supreme Court was presented with the related question of whether an action to recover payments for missed meal breaks should be considered one "brought for the nonpayment of wages" under Labor Code section 218.5's fee-shifting provisions. *Kirby v. Immoos Fire Prot., Inc.*, 53 Cal.4th 1244 (2012). In *Kirby,* an employer sought to recover attorneys' fees from employees who had unsuccessfully litigated a claim for missed meal period payments under section 226.7, under the attorney fee shifting provisions in section 218.5. Section 218.5 awards attorneys' fees to a prevailing party in "any action brought for the nonpayment of wages." The *Kirby* court affirmed *Murphy*'s holding that a missed meal period payment was a "wage" for purposes of the statute of limitations. *Id.* at 1256. It held only that an action to

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

1    recover payments under section 226.7 was not one "brought for," i.e. brought "on

2    account of," nonpayment of wages. *Id.*

3        *Kirby* did not abrogate *Murphy.* The payment required by section 226.7

4    remained a wage for all the reasons stated in *Murphy,* which directly examined the

5    nature of the premium and termed it a "wage" rather than a "penalty." The

6    distinction made in *Kirby* was narrowly limited to the relief at issue there, in the

7    two-way fee shifting statute. *Kirby*, 53 Cal.4th at 1256. In other words, *Murphy*

8    addressed the characterization of the damages provided by section 226.7 as wages

9    while *Kirby* addressed the characterization of the substantive violation of section

10   226.7 claim itself.

11       No California case has definitively answered the question of whether meal

12   and rest period premiums are "wages" in the *specific context* of section 203.

13   Following *Kirby* and *Murphy,* while some district courts have held to the contrary,

14   several federal courts, including this Court, have held that unpaid meal or rest

15   period premiums constitute "wages" that support a claim for waiting time

16   penalties. *Lopez v. Aerotek, Inc*., 2016 WL 11505588, at *3 (C.D. Cal., Mar. 2,

17   2016, No. SACV1400803CJCJCGX) (collecting cases on both sides of the split

18   and concluding that "[p]remium payments under § 226.7 are wages"); e.g., *Brewer*

19   *v. General Nutrition Corp.,* 2015 WL 5072039, at *19 (N.D.Cal. Aug. 27, 2015)

20   (same).

21       Because section 203 imposes penalties for any wages unpaid at the end of

22   employment, this includes premium wages. The Supreme Court acknowledged that

23   these wages are subject to a timing requirement, requiring employers to pay these

24   wages "immediately" just as they would the payment of overtime. *Murphy,* 40

25   Cal.4th at 1108, 1111. An employer therefore has no right to delay the payment of

26   premium wages, and the remedy for such failure at the end of employment is

27   waiting time penalties owed under section 203. A careful reading of the controlling

28   California Supreme Court authorities, including the analysis of the legislative

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**- 8 -**                                         EXHIBIT E, Page 14

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO**
**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

history and the strong California public policy to construe the Labor Code in favor of employees stated therein, requires that the premium payments due under section 226.7 are to be considered "wages" for purposes of section 203, as this Court has previously held.

### D. Plaintiff has alleged facts stating a claim for violation of Labor Code § 226.

Under Labor Code § 226, relief is available when an employee's wage statements do not reflect "wages earned."

Defendant first argues that Plaintiff has failed to state a claim for violation of Labor Code § 226 because "Cahilig fails to allege any specifics regarding alleged 'unpaid wages' or when she received the allegedly inaccurate wage statements." Dkt. No. 14, 7:16-17. However, in the preceding sentence, Defendant cites to the complaint and recites the "specifics" of the claim, including that class members (which includes Plaintiff) suffered injury because Defendant failed to pay all wages due and, as a derivative result, failed to provide accurate wage statements. Dkt. No. 14, 7:11-15. Accordingly, Plaintiff has alleged all facts required to state a claim for inaccurate wage statements.

Next, Defendant relies on *Maldonado v. Epsilon,* 22 Cal.App.5th 1308 (2018), to argue that rest period violations cannot, as a matter of law, support a claim for inaccurate wage statements. To the contrary, *Maldonado* did not so hold.

In *Maldonado*, the plaintiffs sought damages for inaccurate wage statements based on the defendant's failure to pay overtime. *Maldonado,* Cal.App.5th at 1324. "The evidence introduced at trial on this point, however, was virtually nonexistent. … There was no testimony by any of the class members as to damages arising from the wage statements." *Id.*

On appeal, the *Maldonado* court held that the plaintiff's allegations did not give rise to the inference of injury under section 226(e)(2)(B). Because the plaintiff had not alleged or proven that her wage statements inaccurately reported her hours

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

EXHIBIT E, Page 15

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

worked, the trial court had improperly awarded damages under that section, which deems the employee to have suffered an injury if certain conditions are met. *Id.* at 1335-36.

Accordingly, the *Maldonado* court did not hold, as Defendant asserts, that a claim for failure to pay rest period premiums cannot support a claim under section 226. Rather, that case merely held that, if a section 226 is predicated on a failure to report wages instead of a failure to accurately list hours, the plaintiff must demonstrate that she suffered injury.

Here, Plaintiff alleges that she suffered injuries because of the inaccurate wage statements. Compl. ¶ 62. Accordingly, Defendant's sole authority on this issue is not even helpful to the analysis, let alone controlling, because it does not address the issue at bar.

Finally, because Plaintiff's rest period claim is valid, cognizable, and not judicable at this stage, Defendant's motion must also be denied regarding the derivative wage statement claim.

### E. Plaintiff has alleged facts stating a claim for violation of Business and Professions Code section 17200.

California Business & Professions Code section 17200 "borrows" violations of other laws and treats them as unlawful practices independently actionable as prohibited business practices. (*Farmers Ins. Exch. v. Superior Court* (1992) 2 Cal.4th 377, 383.) A party's repeated violations of wage and hour laws is deemed an "unfair" practice and will support a claim under §17200. (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 178 ["unlawfully withheld wages are property of the employee within the contemplation of the UCL"].) Consequently, if Plaintiff prevails on the underlying claims, she necessarily prevails on the Unfair Business Practices claim because Defendant will have violated a Labor Code provision. Accordingly, this claim stands with the Labor Code violations as addressed above.

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90016-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**IV.    Conclusion**

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Judgment on the Pleadings.

Dated: June 3, 2019                    LAW OFFICES OF KEVIN T. BARNES

By:  _/s/ Gregg Lander_
                                                Kevin T. Barnes, Esq.
                                                Gregg Lander, Esq.
                                                Attorneys for Plaintiffs

KEVIN T. BARNES
1625 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, the undersigned, am over the age of 18 years and not a party to this action. My business address is 1635 Pontius Avenue, Second Floor, Los Angeles, CA 90025-3361, which is located in Los Angeles County, where the service herein occurred.

On the date of execution hereof, I caused to be served the following attached document/s:

**PLAINTIFF ALLYZA CAHILIG'S OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

on the interested parties in this action, addressed as follows:

| _Attorneys for Defendant:_ | _Attorneys for Plaintiff:_ |
|---|---|
| Douglas J. Farmer, Esq. | Raphael A. Katri, Esq. |
| Sarah Zenewicz, Esq. | LAW OFFICES OF RAPHAEL A. KATRI |
| OGLETREE, DEAKINS, NASH, | 8549 Wilshire Boulevard, Suite 200 |
| SMOAK & STEWART, P.C. | Beverly Hills, CA 90211-3104 |
| One Market Plaza, Suite 1300 | Tel.: (310) 940-2034 |
| San Francisco, CA 94105 | Fax: (310) 733-5644 |
| Tel.: (415) 442-4810 | RKatri@socallaborlawyers.com |
| Fax: (415) 442-4870 | |
| Douglas.Farmer@ogletree.com | |
| sarah.zenewicz@ogletree.com | |
| sean.kramer@ogletree.com | |

using the following service method:

__X__ **VIA ELECTRONIC SERVICE:** The above documents were electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the above interested parties.

I DECLARE under penalty of perjury that the foregoing is true and correct.

Executed on **June 3, 2019**, at Los Angeles, California.

_/s/ Cindy Rivas_
**Cindy Rivas**

KEVIN T. BARNES
1635 PONTIUS
AVENUE,
SECOND FLOOR
LOS ANGELES, CA
90006-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101

# EXHIBIT F

# Appellate Courts Case Information

## Supreme Court

Change court ▼

*Court data last updated: 01/10/2020 01:29 PM*

### Case Summary

Supreme Court Case:              **S258191**
Court of Appeal Case(s):         No Data Found
Case Caption:                    VAZQUEZ v. JAN-PRO FRANCHISING INTERNATIONAL
Case Category:                   Question of Law - Civil
Start Date:                      09/26/2019
Case Status:                     review granted/brief due
Issues:                          Request under California Rules of Court rule 8.548, that this court
                                 decide a question of California law presented in a matter pending in
                                 the United States Court of Appeals for the Ninth Circuit. The question
                                 presented is: Does the decision in Dynamex Operations West Inc. v.
                                 Superior Court (2018) 4 Cal.5th 903, apply retroactively?
Case Citation:                   none

***NOTE: The statement of the issues is intended simply to inform the public and the press of the general subject
matter of the case. The description set out above does not necessarily reflect the view of the court, or define the
specific issues that will be addressed by the court.***
Cross Referenced Cases:
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use |    © 2020 Judicial Council of California
Privacy

# EXHIBIT G

# Appellate Courts Case Information

## Supreme Court

Change court ▼

*Court data last updated: 01/10/2020 02:30 PM*

## Case Summary

| | |
|---|---|
| Supreme Court Case: | **S259027** |
| Court of Appeal Case(s): | Second Appellate District, Div. 4 |
| | B282377 |
| Case Caption: | GONZALES v. SAN GABRIEL TRANSIT |
| Case Category: | Depublication Request - Civil |
| Start Date: | 11/19/2019 |
| Case Status: | case initiated |
| Issues: | none |
| Case Citation: | none |

Cross Referenced Cases:
No Cross Referenced Cases Found

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |     © 2020 Judicial Council of California
Privacy

EXHIBIT G, Page 20