MATERN LAW GROUP, PC
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
DALIA KHALILI (SBN 253840)
dkhalili@maternlawgroup.com
MATTHEW W. GORDON (SBN 267971)
mgordon@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile:  (310) 531-1901

Attorneys for Plaintiffs
AISHA BOWEN and STACEY WILLIAMS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AISHA BOWEN, an individual on behalf of herself and all others similarly situated; STACEY WILLIAMS, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION; a Minnesota corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:16-CV-02587-JGB-MRW<br><br>[Assigned to Hon. Jesus G. Bernal, Courtroom 1]<br><br>**PLAINTIFFS AISHA BOWEN AND STACEY WILLIAMS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:        January 4, 2021<br>Time:        9:00 a.m.<br>Courtroom: 1 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORDS:

PLEASE TAKE NOTICE that pursuant to Federal Rule of Evidence 201, Plaintiffs Aisha Bowen and Stacey Williams ("Plaintiffs") hereby request the Court take judicial notice of the following relevant document in support of Plaintiffs' Opposition to Defendant Target Corporation's Motion for Partial Summary Judgment:

1. The U.S. Department of Labor Wage and Hour Division, Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay (Revised July 2009) (available at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs54.pdf) (last visited on December 14, 2020), a true and correct copy of which is attached hereto as Exhibit 1.

A court may take judicial notice of a fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The content of records and reports of administrative bodies are proper subjects for judicial notice under Rule 201(d). *Interstate Natural Gas Co. v. S. Cal. Gas Co.,* 209 F.2d 380, 385 (9th Cir.1953). Accordingly, the Court may take judicial notice of guidance from the DLSE, including DLSE Opinion Letters and the DLSE website. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 959 (9th Cir. 2013) (taking judicial notice of DLSE Opinion Letters); *Gonzalez v. Millard Mall Servs., Inc.*, 281 F.R.D. 455, 459 (S.D. Cal. 2012) (taking judicial notice of DLSE Opinion Letters and DLSE website answers regarding waiting time penalties).

DATED: December 14, 2020      MATERN LAW GROUP, PC

By:  /s/ Matthew J. Matern
MATTHEW J. MATERN
DALIA KHALILI
MATTHEW W. GORDON
Attorneys for Plaintiffs
AISHA BOWEN and STACEY WILLIAMS, individually and on behalf of all others similarly situated

# EXHIBIT A

**U.S. Department of Labor**
Wage and Hour Division



(Revised July 2009)

# Fact Sheet #54 – The Health Care Industry and Calculating Overtime Pay

The Fair Labor Standards Act (FLSA) requires covered employers to pay nonexempt employees at least the federal minimum wage of $7.25 per hour effective July 24, 2009, for all hours worked and overtime pay for for hours worked over 40 in a workweek. The FLSA is administered by the Wage and Hour Division of the U.S. Department of Labor.

Hospitals and other institutions "primarily engaged in the care of the sick, the aged, or the mentally ill" are covered employers under Section 3(s)(1)(B) of the FLSA. Thus, hospitals, residential care establishments, skilled nursing facilities, nursing facilities, assisted living facilities, residential care facilities and intermediate care facilities for mental retardation and developmentally disabled must comply with the minimum wage, overtime and youth employment requirements of the FLSA.

**Summary**

This fact sheet provides guidance regarding common FLSA violations found by the Wage and Hour Division during investigations in the health care industry relating to the calculation of overtime pay. Nonexempt employees must be paid at least time-and-one-half their "regular rate" of pay for all hours worked over 40 in a workweek. The "regular rate" includes an employee's hourly rate *plus* the value of some other types of compensation such as bonuses and shift differentials. The only remuneration excluded from the regular rate under the FLSA are certain specified types of payments like discretionary bonuses, gifts, contributions to certain welfare plans, payments made to certain profit-sharing and savings plans, and pay for foregoing holidays and vacations. A common error in calculating overtime pay by health care employers involve the failure to include bonuses, shift differentials and other types of compensation in the regular rate of pay. Errors are also common in the health care industry in calculating the regular rate when an employee works two or more different jobs in a single workweek.

There is no limitation in the FLSA on the number of hours employees over the age of 15 may work in any workweek. The FLSA does not require overtime pay for hours in excess of eight hours worked in a day, except as discussed below, or for hours worked on Saturdays, Sundays, or holidays.

**The Eight and Eighty (8 and 80) Overtime System**

Under section 7(j) of the FLSA, hospitals and residential care establishments may utilize a fixed work period of fourteen consecutive days in lieu of the 40 hour workweek for the purpose of computing overtime. To use this exception, an employer must have a prior agreement or understanding with affected employees before the work is performed. This eight and eighty (8 and 80) exception allows employers to pay time and one-half the regular rate for all hours worked over eight in any workday and eighty hours in the fourteen-day period. See Regulations 29 CFR 778.601.

An employer can use both the standard 40 hour overtime system and the 8 and 80 overtime system for different employees in the same workplace, but they cannot use both for a single individual employee.

An employer's work period under the 8 and 80 overtime system must be a fixed and regularly recurring 14-day period. It may be changed if the change is designated to be permanent and not to evade the overtime

FS 54

requirements. If an employer changes the pay period permanently, it must calculate wages on both the old pay period and the new pay period and pay the amount that is more advantageous to each employee in the pay period when the change was made.

Premium pay for daily overtime under the 8 and 80 system may be credited towards the overtime compensation due for hours worked in excess of 80 for that period.

**Bonuses**

For purposes of calculating overtime pay, section 7(e) of the FLSA provides that non-discretionary bonuses must be included in the regular rate of pay. Non-discretionary bonuses include those that are announced to employees to encourage them to work more steadily, rapidly or efficiently, and bonuses designed to encourage employees to remain with a facility. Few bonuses are discretionary under the FLSA, allowing exclusion from the regular rate. See Regulations 29 CFR 778.200 and 778.208.

Referral bonuses paid for recruitment of new employees are not included in the regular rate of pay *if all of the following conditions are met:* (1) participation is strictly voluntary; (2) recruitment efforts do not involve significant time; and (3) the activity is limited to after-hours solicitation done only among friends, relatives, neighbors and acquaintances as part of the employees' social affairs.

*Example: Attendance Bonus*

An intermediate care facility for the disabled pays its employees on a bi-weekly basis. If employees work all the hours that they are scheduled to work in a pay period, they are given a $100 bonus. If an employee works overtime, must this bonus be included in their regular rate of pay for overtime purposes?

Yes. In computing an employee's regular rate under the 40 hour overtime system, the employer must add half of the bi-weekly bonus ($50) to the employee's earnings (hourly rate times the total hours worked) for that week. The resulting total compensation would be divided by the total hours the employee worked during that week to determine the regular rate.

**Overtime Computation under the 40 Hours System**

An employee paid biweekly at a rate of $12 per hour plus a $100 attendance bonus, working a schedule of 56 hours per week as shown in the chart below, would be due overtime pay as follows:

**WEEK ONE**

|         | Sunday | Monday | Tuesday | Weds. | Thursday | Friday | Saturday |
|---------|--------|--------|---------|-------|----------|--------|----------|
| Day     |        | 8      | 8       |       |          | 8(OT)  |          |
| Evening | 8      |        |         | 8     |          | 8(OT)  |          |
| Night   |        |        |         | 8     |          |        |          |

**WEEK TWO**

|         | Sunday | Monday | Tuesday | Weds. | Thursday | Friday | Saturday |
|---------|--------|--------|---------|-------|----------|--------|----------|
| Day     |        | 8      | 8       |       |          | 8(OT)  |          |
| Evening | 8      |        |         | 8     |          |        |          |
| Night   |        |        |         | 8     |          |        | 8(OT)    |

$100 (bi-weekly attendance bonus) ÷ 2 =   $50 (weekly bonus equivalent)
56 hours worked x $12/hour + $50 (weekly bonus equivalent) =   $722 (total ST compensation)

2

| | |
|---|---|
| $722 (total ST compensation) ÷ 56 hours worked = | $12.89 (regular rate) |
| $12.89 (regular rate) x ½ = | $6.45 (half-time premium) |
| $12.89 (regular rate) + $6.45 (half-time premium) = | $19.34 (overtime rate) |
| 40 (straight time hours) x $12.89 (regular rate) = | $515.60 (straight time earnings) |
| 16 (overtime hours) x $19.34 (overtime rate) = | $309.44 (overtime earnings) |
| **Total earnings for week one** | **$825.04** |
| **Total earnings for week two** | **$825.04** |
| **Total earnings for bi-weekly period** | **$1,650.08** |

**Overtime Computation under the 8 and 80 System**

If the same employee, paid at $12 an hour with a $100 attendance bonus, worked the same scheduled time for the bi-weekly period, under the 8 and 80 system, the employee would have worked 8 hours of overtime on Wednesday and 8 hours of overtime on Friday during the first week and 8 hours of overtime on Wednesday and 8 hours of overtime on Saturday during the second week, and would be due overtime pay as follows:

| | |
|---|---|
| (bi-weekly attendance bonus) = | $100 |
| 112 hours worked x $12/hour + $100 (attendance bonus) = | $1,444 (total ST compensation) |
| $1,444 (total ST compensation) ÷ 112 hours = | $12.89 (regular rate) |
| $12.89 (regular rate) x ½ = | $ 6.45 (half-time premium) |
| $12.89 (regular rate) + $6.45 (half-time premium) = | $19.34 (overtime rate) |
| $12.89 (regular rate) x 80 (straight time hours) = | $1,031.20 (straight time earnings) |
| $19.34 (overtime rate) x 32 (overtime hours worked) = | $ 618.88 (overtime earnings) |
| **Total earnings for the bi-weekly period =** | **$1,650.08** |

*Example: Retention Bonus*

In an effort to attract more nursing personnel, a skilled nursing facility's nursing department gives hourly paid LPNs and RNs a $2,000 bonus after being employed six months. Does this bonus have to be included in the regular rate? If so, how does it need to be calculated?

Yes. The retention bonus must be included in the regular rate calculation in <u>overtime</u> weeks covered by the bonus period. The retention bonus described above was earned over six months or 26 weeks. The weekly equivalent is $76.92 ($2,000 ÷ 26 weeks). If an employee works overtime during the 26 week period, the increase in the regular rate is calculated by dividing $76.92 by the total hours worked during the overtime week.

**Overtime Computation under the 40 Hours System**

In the following calculation, the $2,000 retention bonus was earned over six months or 26 weeks, for a weekly equivalent of $76.92 ($2000 ÷ 26 weeks). If the employee worked ten hours of overtime in their 9th week of employment, the employee would be due an additional $7.70 in overtime earning as follows:

| | |
|---|---|
| $76.92 ÷ 50 hours = | $1.54 (increase in the regular rate) |
| $1.54 x ½ = | $ .77 (increase in the additional half-time) |
| $ .77 x 10 hours of overtime worked = | $7.70 (increase in overtime earnings due to the bonus) |

3

### Overtime Computation under the 8 and 80 System

If an employee paid under the 8 and 80 system of overtime receives the same $2,000 retention bonus after six months, the employee would be due an additional $13.77 in overtime earnings after working 95 hours, 17 of which are overtime hours, in a 14-day period as follows:

| | |
|---|---|
| $76.92 x 2 weeks = | $153.84 (additional straight-time) |
| $153.84 ÷ 95 hours worked = | $1.62 (increase in regular rate) |
| $1.62 x ½ = | $ .81 (increase in the additional half-time) |
| $ .81 x 17 hours of overtime worked = | $13.77 (increase in overtime earnings due to the bonus) |

*Example: Supplementary Shift Bonus*

At a residential care facility, if employees fill in for another employee who calls in sick, they are paid a supplementary shift bonus of $75. Does this bonus have to be included in the regular rate for overtime purposes?

Yes, it must be included in the regular rate. If an employee works 85 hours in a 14-day pay period (including five overtime hours), a $75 bonus would increase the regular rate by $.88 an hour as follows:

| | |
|---|---|
| $75 ÷ 85 hours worked = | $ .88 (increase in regular rate) |
| $.88 x ½ = | $ .44 (increase in the additional half-time) |
| $ .44 x 5 hours of overtime worked = | $2.20 (increase in overtime earnings due to the bonus) |

### Shift Differentials

Employers also must include shift differential pay when determining an employee's regular rate of pay. See Regulations 29 CFR 778.207(b). The following examples provide guidance on how to calculate overtime for employees who receive shift differential pay.

*Example: Single Shift Differential*

A personal care assistant at an assisted living facility is paid $8 an hour and overtime on the basis of the 40 hour workweek system. She works three eight-hour day shifts at $8 an hour and three eight-hour evening shifts. The assistant is paid $1 shift differential for each hour worked on the evening shift. How much should she be paid for her eight hours of overtime?

The additional half-time must be computed based on the regular rate of pay. The regular rate is defined as the total remuneration divided by the total hours worked. The assistant earned a total of $408 for the 48 hours that she worked ($8 an hour times 24 hours plus $9 an hour times 24 hours). Her regular rate equaled $8.50 and her half-time premium is $4.25. Her total earnings for the 8 hours of overtime are $102.

### Straight-time computation

| | |
|---|---|
| 3 days x 8 hours/day x $8/hour | $192 |
| 3 evenings x 8 hours/evening x $8/hour | $192 |
| 3 evenings x 8 hours/evening x $1/hour (shift differential) | $ 24 |
| **Total ST earnings** | **$408** |

4

**Regular rate and half-time premium computation**

| | |
|---|---|
| $408 (total ST compensation) ÷ 48 (total hours worked) = | $ 8.50 (regular rate) |
| $ 8.50 (regular rate) x ½ = | $ 4.25 (half-time premium) |
| $ 8.50 (regular rate) + $ 4.25 (half-time premium) = | $12.75 (overtime rate) |

**Total compensation calculation**

| | |
|---|---|
| 40 hours x $ 8.50 (regular rate) = | $340 (straight time earnings) |
| 8 overtime hours x $12.75 (overtime rate) = | $102 (overtime earnings) |
| **Total earnings** | **$442** |

*Example: Two Different Shift Differentials*

Registered nurses (RNs) at a skilled nursing facility are paid a basic hourly rate of $22 an hour. When they work the evening shift, they are paid a shift differential of $1 an hour. When they work the night shift they are paid a shift differential of $2 an hour. When working overtime, RNs are paid time-and-one-half of their basic hourly rate of $22. Is this in compliance with the FLSA overtime standard?

No. Under the FLSA, the additional half-time compensation must be paid on the regular rate which is defined as the total remuneration divided by the total hours worked. Overtime compensation must be calculated on the regular rate, which will exceed the hourly rate when shift differentials are paid.

**Computation of total compensation for 40 hour system**

**WEEK ONE:**

| | Sunday | Monday | Tuesday | Weds. | Thursday | Friday | Saturday |
|---|---|---|---|---|---|---|---|
| Day | | 8 at $22 | | | | 8 at $22 | |
| Evening | | | | 8 at $23 | | 8 at $23 | |
| Night | 8 at $24 | | | 8 at $24 | | | |

| | |
|---|---|
| 16 day hours x $22 = | $352 |
| 16 evening hours x $ 22 = | $352 |
| 16 evening hours x $1 shift differential = | $16 |
| 16 night hours x $22 = | $352 |
| 16 night hours x $2 shift differential = | $32 |
| $352 + $352 + $16 + $352 + $32 = | $1,104 total ST compensation) |
| 16 day hours + 16 evening hours + 16 night hours = | 48 total hours worked |
| $1,104 (total ST compensation) ÷ 48 (hours worked) = | $23 (regular rate) |
| $23 ÷ ½ | $11.50 (half-time premium) |
| $23 + $11.50 = | $34.50 (overtime rate) |
| | |
| $23 x 40 hours = | $920 (straight time earnings) |
| $34.50 (overtime rate) x 8 overtime hours = | $276 (overtime earnings) |
| **Total weekly earnings** | **$1,196** |

5

**WEEK TWO:**

|         | Sunday   | Monday   | Tuesday  | Weds.    | Thursday | Friday | Saturday |
|---------|----------|----------|----------|----------|----------|--------|----------|
| Day     |          | 8 at $22 | 8 at $22 |          |          |        |          |
| Evening | 8 at $23 |          |          | 8 at $23 |          |        |          |
| Night   |          |          |          | 8 at $24 |          |        |          |

| | |
|---|---|
| 16 day hours x $22 = | $352 |
| 16 evening hours x $22 | $352 |
| 16 evening hours x $1 shift differential = | $16 |
| 8 night hours x $22 = | $176 |
| 8 night hours x $2 shift differential = | $16 |
| $352 + $352 + $16 + $176 + $16 = | $912 (total ST compensation) |
| **Total weekly earnings** | **$ 912** |
| | |
| total earnings for week one | $1,196 |
| total earnings for week two | $912 |
| **Total earnings for the bi-weekly period** | **$2,108** |

**Computation of total compensation for 8 and 80 overtime system**

**WEEK ONE:**

|         | Sunday   | Monday   | Tuesday | Weds.         | Thursday | Friday        | Saturday |
|---------|----------|----------|---------|---------------|----------|---------------|----------|
| Day     |          | 8 at $22 |         |               |          | 8 at $22      |          |
| Evening |          |          |         | 8 at $23      |          | 8 at $23 (OT) |          |
| Night   | 8 at $24 |          |         | 8 at $24 (OT) |          |               |          |

**WEEK TWO:**

|         | Sunday   | Monday   | Tuesday  | Weds.         | Thursday | Friday | Saturday |
|---------|----------|----------|----------|---------------|----------|--------|----------|
| Day     |          | 8 at $22 | 8 at $22 |               |          |        |          |
| Evening | 8 at $23 |          |          | 8 at $23      |          |        |          |
| Night   |          |          |          | 8 at $24 (OT) |          |        |          |

| | |
|---|---|
| 4 days x 8 hours/day x $22/hour = | $704 |
| 4 evenings x 8 hours/evening x $22/hour = | $704 |
| 4 evenings x 8 hours/evening x $1 shift differential = | $32 |
| 3 nights x 8 hours/night x $22/hour = | $528 |
| 3 nights x 8 hours/night x $2 shift differential = | $48 |
| $704 + $704 + $32 + $528 + $48 = | $2,016 (total ST compensation) |
| 32 day hours + 32 evening hours + 24 night hours = | 88 total hours worked |
| $2,016 (total ST compensation) ÷ 88 (total hours worked) = | $22.91 (regular rate) |
| $22.91 x ½ = | $11.46 (half-time premium) |
| $22.91 + $11.46 = | $34.37 (overtime rate) |
| | |
| 64 hours non-overtime hours x $22.91 (regular rate) = | $1,466.24 (straight time earnings) |
| 24 overtime hours x $34.37 (overtime rate) = | $824.88 (overtime earnings) |
| **Total earnings for the bi-weekly period** | **$2,291.12** |

6

The RNs working the above schedule worked eight hours of overtime on three days: Wednesday and Friday of the first week and Wednesday of the second week. On these three days, the RNs worked 16 hours each day. Under the 8 and 80 overtime system, they are entitled to overtime for each hour worked over 8 in a day.

**Two Different Jobs**

If an employee works at two or more different jobs in a single workweek, for which different non-overtime rates of pay have been established, his or her employer may use a weighted average to compute the employee's regular rate. However, an employee who performs two or more different kinds of work, for which different straight time hourly rates are established, may agree with his or her employer in advance of the performance of the work that he or she will be paid during overtime hours at a rate not less than one and one-half time the hourly rate established for the type of work he or she is performing during the overtime hours. See Regulations 29 CFR 778.419.

*Example: Two Different Jobs*

An employee works as a nurses' aide on a full time basis at $11 per hour. On weekends, the employee fills in as a receptionist and is paid $8 per hour. She is paid on a 40-hour workweek overtime basis. How is her overtime computed?

Overtime may be computed on the regular rate of pay, determined by the weighted average of the two rates. For example, if the employee worked 40 hours at $11 and 16 hours at $8, the following is the regular rate calculation:

| | |
|---|---|
| 40 hours x $11/hour + 16 hours x $8/hour = | $568 (total ST compensation) |
| $568 (total straight time compensation) ÷ 56 hours worked = | $10.14 (regular rate) |
| $10.14 (regular rate) x ½ = | $5.07 (additional half time premium) |
| $10.14 (regular rate) + $5.07= | $15.21 (overtime rate) |
| $10.14 (regular rate) x 40 hours= | $405.60 (total straight time earnings) |
| $15.21 (overtime rate) x 16 (overtime hours) | $243.36 (total overtime earnings) |
| **Total compensation** | **$648.96** |

**Terminology**

**Total Straight Time (ST) Compensation:**
All remuneration for employment (including shift differentials and bonuses) except those payments specifically excluded by statute. The most common statutory exclusions in the long term care industry are vacation, holiday, and sick pay.

**Total Hours Worked:**
All hours actually worked by an employee, excluding hours paid for vacation, holiday or sick leave.

**Regular Rate (RR):**
Total remuneration for employment ÷ by total hours worked. See Regulations 29 CFR 778.109.

**Half-Time Premium:**
Regular rate x ½.

7

**Overtime (OT) Rate:**
Regular rate + the half-time premium. See Regulations 29 CFR 778.107.

**Overtime (OT) Hours:**
Under the 40-hour workweek overtime plan: All hours worked over 40 in a workweek Under the 8 and 80 overtime system: All hours worked over eight in a day and 80 in a 14-day work period. See Regulations 29 CFR 778.101 and 778.601.

**Total Overtime (OT) Premium Pay:**
OT rate x OT hours. See Regulations 29 CFR 778.107.

**Straight Time (ST) earnings:**
ST hours x regular rate.

**Overtime (OT) Earnings:**
OT hours x OT rate.

**Total Earnings:**
ST earnings + OT earnings.

See Regulations 29 CFR 778.200 or call 1-866-4US-WAGE and request a copy of Regulation Part 778 Interpretative Bulletin on Overtime Compensation.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

The FLSA statute appears at 29 U.S.C. § 201 et seq. The federal regulations regarding hours worked appear in 29 C.F.R. Part 785.

When the state laws differ from the federal FLSA an employer must comply with the higher standard. Links to your state labor department can be found at www.dol.gov/whd/contacts/state_of.htm.

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

| | |
|---|---|
| **U.S. Department of Labor** | **1-866-4-USWAGE** |
| Frances Perkins Building | TTY: 1-866-487-9243 |
| 200 Constitution Avenue, NW | **Contact Us** |
| Washington, DC 20210 | |

8